[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09 2001
THOMAS K. KAHN
CLERK

_____

No. 00-11394
Non-Argument Calendar

_____

D. C. Docket No. 98-00076-4:CR-76-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIDGETTE BRADFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 9, 2001)**

Before BIRCH, CARNES and HULL, Circuit Judges.

HULL, Circuit Judge:

Defendant Bridgette Bradford, a federal inmate, appeals her conviction on

two counts of assaulting federal corrections officers, in violation of 18 U.S.C. §

111(a)(1). On appeal, Bradford principally argues that the district court improperly tried her in absentia in violation of Federal Rule of Criminal Procedure 43. After review, we affirm Bradford's conviction on both counts.

## I. FACTUAL BACKGROUND

Inmate Bradford was charged in one count with poking Corrections Officer Bass with a mop handle and in another count with throwing a cup of urine onto Corrections Officer Harper. Prior to trial, the district court had Bradford examined by several mental health experts and scheduled a competency hearing. On the appointed day, a representative from the Marshal's Service reported that inmate Bradford had refused to come to the courthouse. The court found that Bradford had chosen not to attend the hearing, proceeded with the hearing, and concluded that Bradford was competent to stand trial.[1]

The court set Bradford's trial for November 16, 1999. However, on November 16th, Bradford again refused to come to court. In a conference with counsel, the court stated its belief that an attempt to physically force Bradford into court would result in an altercation and might risk the safety of everyone in the courtroom. Therefore, the court decided not to force Bradford's attendance.

---

[1]Bradford does not challenge on appeal the district court's determination that she was competent to stand trial.

Instead, the court reset jury selection and trial to begin on December 6, 1999. The court stated: "If [Bradford] starts selection and chooses not to come later, we will finish the trial without her. If she chooses not to come, we won't have a trial . . . ."

On December 6th, Bradford was transported to court without incident. In her presence, a jury was selected, but not sworn. The remainder of trial was set for December 17, 1999. On that date, Bradford refused to leave her cell. Before the district court, Deputy Marshal Belyew testified that she went to Bradford's cell to bring her to court. Belyew reminded Bradford that, if she refused to come to court, the trial would continue in her absence. Bradford responded calmly, "That's o.k." Belyew and a Bureau of Prisons employee approached Bradford again and advised her that her trial would continue without her if she failed to appear in court. They also warned her that she would be held in contempt and that her time in prison would be "dead time." Bradford appeared neither angry nor upset and replied, "I know that. Go away. Turn off my light."

The district court found that Bradford had "chosen voluntarily not to come," and again expressed concern for the safety of everyone in the courtroom should Bradford be forced to attend her trial. The court concluded that, because Bradford had attended jury selection, the trial had commenced for purposes of Rule 43(b) and Bradford's voluntary absence did not preclude the trial from proceeding.

3

Before opening statements, the court informed the jury that Bradford had elected not to be present and that they should not consider her absence in deciding the case.

During trial, the court permitted testimony about prior incidents in which Bradford had either thrust or thrown something through the food slot of her cell at correctional officers. The court instructed the jury that the evidence of Bradford's uncharged conduct could be considered only with regard to whether Bradford acted with intent and whether it was physically possible for Bradford to have committed the charged conduct.[2] The jury found Bradford guilty on both counts of assaulting a federal corrections officer. The court sentenced Bradford to 36 months' imprisonment on each count, to be served consecutively.

## II. COMMENCEMENT OF TRIAL UNDER RULE 43(b)(1)

---

[2]We find meritless Bradford's arguments that the district court improperly admitted certain evidence at trial. Specifically, Corrections Officer White testified that Bradford threw a cup of feces on her while she was attempting to collect Bradford's lunch. Williams, a commissary worker, testified that Bradford spit at him, but missed, as he was delivering a commissary request to Bradford's cell. Finally, Corrections Officer Pratt testified that Bradford struck her with the end of a mop three or four times when she brought a phone to Bradford's cell. These prior incidents were admissible for the limited purposes stated by the district court. See Fed. R. Evid. 404(b); United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc). Additionally, the evidence that Bradford requested an AIDS and herpes test in Officer Harper's presence only hours before throwing urine on her is also probative of both Bradford's intent to strike fear in Officer Harper's heart and the reasonableness of Officer Harper's fear of the urine, both elements the Government was required to prove. See Ladner v. United States, 358 U.S. 169, 177 (1958).

On appeal, Bradford argues that Rule 43 prohibits a district court from commencing trial if the defendant is not present. Bradford contends that her trial did not commence until after the jury was sworn, and thus that the court erred in allowing the trial to proceed without her.

Rule 43 of the Federal Rules of Criminal Procedures provides that a defendant shall be present at every stage of the trial, including the impaneling of the jury, but that the further progress of the trial shall not be prevented by a defendant's voluntary absence after the trial has commenced.[3] The Supreme Court has instructed that Rule 43 "prohibits the trial in absentia of a defendant who is not present from the beginning of trial," but permits a trial to proceed if the defendant voluntarily absents himself after the trial has commenced. Crosby v. United States,

---

[3]Rule 43 states in pertinent part:

     (a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.
     (b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict, and the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, or having pleaded guilty or nolo contendere,

          (1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial) . . . .

Fed. R. Crim. P. 43(a)&(b) (emphasis supplied).

5

506 U.S. 255, 261-62 (1993); see also United States v. Arias, 984 F.2d 1139, 1141 (11th Cir. 1993). Thus, the threshold issue is whether Bradford's trial commenced when jury selection began on December 6th or when the jury was sworn on December 17th.

This Circuit has never explicitly addressed when a trial commences for purposes of Rule 43. Two opinions from this Circuit have, however, assumed without discussion, that a trial commences for purposes of Rule 43 when jury selection begins. See United States v. Willis, 759 F.2d 1486 (11th Cir. 1985); United States v. Brantley, 68 F.2d 1283 (11th Cir. 1995). In United States v. Willis, the two criminal defendants were present when the district court held general voir dire in open court, but were not present when the court, in the presence of defendants' counsel, questioned the members of the venire individually in chambers.[4] We held that the defendants had waived their right to be present during the individual voir dire of jurors in the judge's chambers. Willis, 759 F.2d at 1500; see also Brantley, 68 F.2d at 1291 (following Willis to hold that five criminal defendants who attended voir dire in open court, but were voluntarily absent from the final phase of striking the jury held in chambers, waived their right

---

[4]The reason for the defendants' absence is not clear. However, the parties agreed that the defendants were not excluded by the court.

6

to be present).  In so holding, we did not address expressly whether jury selection

constituted the commencement of trial for purposes of Rule 43(b)(1), but noted that

"[s]ubsection (a) [of Rule 43] denominates the impaneling of the jury as a stage of

the trial."  Willis, 759 F.2d at 1500.

Our implicit holding in Willis is supported by every other circuit to address

the issue, all of which have held that a trial commences under Rule 43 when jury

selection begins.  United States v. Krout, 56 F.3d 643 (5th Cir. 1995); United

States v. Camacho, 995 F.2d 950 (4th Cir. 1992); Government of the Virgin

Islands v. George, 680 F.2d 13 (3d Cir. 1982); United States v. Miller, 463 F.2d

600 (1st Cir. 1972).[5]

After reviewing this precedent from other circuits, we find their reasoning

compelling and conclude that, for purposes of Rule 43(b)(1), a "trial has

commenced" when the jury selection process has begun.  As we noted in Willis,

this interpretation is consistent with the language of Rule 43(a), which indicates

---

[5]See also Hopt v. Utah, 110 U.S. 574, 578 (1884) (holding that trial court's failure to follow territorial law requiring jury challenges to be conducted in the defendant's presence amounted to a deprivation of due process and stating that, "For every purpose, therefore, involved in the requirement that the defendant shall be personally present at the trial, where the indictment is for a felony, the trial commences at least from the time when the work of impaneling the jury begins."); United States v. Cuoco, 208 F.3d 27, 32 (2d Cir. 2000) (affirming district court's denial of defendant's § 2255 motion, and stating "[a] felony defendant has a right to be present at jury selection because a trial begins no later than voir dire.") (emphasis in original).

7

that "impaneling a jury" is a "stage of the trial."  As the First Circuit has stated in addressing this issue, "[t]he concept that a defendant could go through trial proceedings to the point of selecting the entire jury and then, perhaps because he was dissatisfied with the complement thereof, freely depart, does not appeal to us."

United States v. Miller, 463 F.2d at 603.  We conclude, as the First Circuit did, that "[t]o draw the bright line at the formality of swearing the jury would frustrate the purpose of Rule 43."  Id.

Our holding is also consistent with the purpose of subsection (b) of Rule 43, which is to prevent a defendant from obstructing the proceedings by voluntarily absenting himself after the trial has begun in his presence.  See United States v. Taylor, 414 U.S. 17, 19-20 (1973) (holding that, under Rule 43, voluntary absence can constitute waiver of the right to be present at trial and noting that "there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward"); Fed. R. Crim. P. 43 advisory committee notes.

We also find unpersuasive Bradford's argument that we should follow the approach taken in cases involving the Double Jeopardy Clause, which prohibits a criminal defendant from being "twice put in jeopardy."  U.S. Const. amend V.  It is

well-settled that "jeopardy attaches when the jury is empaneled and sworn." Crist v. Bretz, 437 U.S. 28, 35 (1978). "The reason for holding that jeopardy attaches when the jury is empaneled and sworn lies in the need to protect the interest of the accused in retaining a chosen jury." Id.

Unlike the Double Jeopardy Clause, Rule 43(b)(1) does not speak in terms of jeopardy, but in terms of the commencement of trial. See Miller, 463 F.2d at 603 ("Rule 43 refers not to the commencement of jeopardy but to the commencement of trial. The rule could have said jeopardy had that been the intent."); Krout, 56 F.3d at 645 (quoting and citing Miller in rejecting defendant's double jeopardy standard argument). Nor does Rule 43 concern a defendant's interest in having his trial completed by the chosen jury. Rather, Rule 43 addresses the defendant's right to meet the jurors and those testifying against him face-to-face, which is grounded in the criminal defendant's right to be present at all stages of trial and the long-standing principle that a defendant may waive that right by voluntarily absenting himself from trial. Crosby v. United States, 506 U.S. 255, 259 (1993); see also Taylor v. United States, 414 U.S. 17, 18-19 (1973). More specifically, subsection (b)(1) of Rule 43, which contains the "trial has commenced" language, addresses more practical concerns by balancing the "costs of delay" with the "interests of the defendant and society in having the defendant

present" in marking the point at which a defendant's presence is no longer required. Crosby, 506 U.S. at 261. Given the distinct and different purposes of the Double Jeopardy Clause and Rule 43(b)(1), we find no compelling justification for importing the double jeopardy standard into the determination of when a trial commences for purposes of Rule 43(b)(1). See Krout, 56 F.3d at 645; Miller, 463 F.2d at 603.

Bradford argues that, in United States v. Arias, 984 F.2d 1139 (11th Cir. 1993), a prior panel of this Court implicitly adopted the double jeopardy standard for determining when a trial commences under Rule 43. We do not agree. Arias involved a simple application of the rule, recently announced by the Supreme Court in Crosby v. United States, that a defendant may not be tried in absentia if he absconds before trial begins. Nothing in Arias suggests that the jury had been selected but not sworn. Although Arias does not specifically mention jury selection, it is evident from the recitation of the sequence of events that not only jury selection, but all of the pre-trial matters the court had to address before empaneling a jury venire, had not begun when the defendant disappeared.[6]

---

[6]Specifically, the Arias court stated that the defendant failed to appear in court on the morning the trial was to begin despite the fact that the defendant "had been informed of the time and place of the trial." Id. at 1141. The proceedings began with preliminary motions, which the court denied, and discussion with counsel about redacting the defendants' post-arrest statements. The court recessed twice on the first day in the hope that the defendant would appear and, when he did not, announced its intention to proceed with trial in absentia the following morning if the

10

Therefore, Arias did not address the precise issue presented in this case -- when trial commences under Rule 43(b)(1).

## III. TRIAL IN ABSENTIA

Although we agree with the district court that Bradford's trial commenced when jury selection began in her presence on December 6, 1999, our inquiry does not end there. We next must consider whether the district court erred (a) when it found Bradford had waived her right to be present and (b) when it exercised its discretion to continue with the trial in her absence.

A. Standard of Review

When reviewing a district court's decision to proceed with trial in a defendant's absence, we first review whether the district court properly exercised its discretion in finding that the defendant voluntarily waived the right to be present. For purposes of this inquiry, we review a district court's factual findings as to whether the defendant's absence is voluntary for clear error. If the court properly found the right waived, we consider whether the court abused its discretion in concluding that there was on balance a controlling public interest to continue the trial in the defendant's absence. Finally, if the court erred in

---

defendant was not present. The next day, over defense counsel's objection, the court proceeded with trial. The defendant's counsel "remained and participated in the trial, questioning witnesses and making a closing argument." Id.

11

continuing trial in the defendant's absence, we ask whether the error was harmless.

See Polizzi v. United States, 926 F.2d 1311, 1319 (2d Cir. 1991); United States v.

Davis, 61 F.3d 291, 302 (5th Cir. 1995); United States v. Guyon, 27 F.3d 723, 727

(1st Cir. 1994); United States v. Watkins, 983 F.2d 1413, 1419 (7th Cir. 1993).

B. Voluntary Waiver

Bradford argues that the district court erred by summarily finding that

Bradford voluntarily waived her right to be present.  Bradford also emphasizes that

she was a federal inmate and that the court could have ordered the Marshal's

Service to forcibly bring Bradford into the courtroom.

First, a review of the trial transcript reveals that the court's inquiry was not

summary.[7]  The court heard testimony from Deputy Marshal Belyew indicating

---

[7]Bradford cites United States v. Davis, 61 F.3d 291, 302 (5th Cir. 1995), for the proposition that the district court must make an inquiry on the record into the voluntariness of a defendant's waiver of his right to be present at trial.  In Davis, the Fifth Circuit noted that the trial court cannot conclude that a criminal defendant has waived his right to trial merely because the defendant is not present, but must inquire into the reasons for the defendant's absence.  Id. at 302.  The defendant's absence was due to her hospitalization after ingesting fifty antidepressant pills.  Id. at 302-03.  Before finding the defendant's absence voluntary, the district court contacted the defendant's physician, who informed the court that the defendant's continued hospitalization was a result of vague complaints he was having trouble verifying.  Id. at 303.  On this record, the Fifth Circuit found that the defendant had presented no evidence that she was physically or mentally incapable of attending trial and affirmed the district court's finding that the defendant's absence was voluntary.  Id. at 303.

In stating that the district court must inquire on the record into the voluntariness of a defendant's absence, the Davis court relied on United States v. Beltran-Nunez, 716 F.2d 287, 291 (5th Cir. 1983).  We note that Beltran-Nunez did not address the voluntariness of a defendant's absence, but whether, after properly finding that the defendant is voluntarily absent, the district court abused its discretion when it continued with trial "without first making an inquiry into whether or not the trial could soon be rescheduled with the defendant in attendance"

12

that Bradford understood the possible consequences of failing to appear and, nonetheless, elected not to appear. Bradford's trial counsel also stated on the record that he had spoken with Bradford that morning and he confirmed that she did not want to come to court.

Second, the evidence shows that Bradford knew of her right to be present and that the trial would continue in her absence. Bradford attended jury selection on December 6th and told her attorney on December 16th that she planned to attend trial the next day. On the morning of December 17th, Bradford spoke with both Deputy Marshal Belyew and her attorney and stated her desire not to come to court. Deputy Marshal Belyew twice advised Bradford that her trial would continue in her absence, and Bradford indicated that she nonetheless did not wish to attend. We find this evidence sufficient to support the factual finding that Bradford's absence from trial was voluntary.[8] See United States v. Taylor, 414

---

under Benavides. Beltran-Nunez, 716 F.2d at 290-91. Bradford cites no other authority for the proposition that the district court must make a record inquiry into the voluntariness of her absence. However, we do not need to address today whether such an inquiry is necessary, because, even assuming that it is, the record reflects that the district court in Bradford's case did make such an inquiry.

[8]Although Bradford does not enumerate as separate error the district's finding that she voluntarily absented herself from trial, in her brief she states that "[d]ue to the Appellant's long history of mental problems, the district court should have inquired as to whether or not the Appellant knowingly absented herself from proceedings instead of assuming she knowingly waived her right to be present." This argument ignores the fact that Bradford did not oppose the conclusion of the court-appointed examiner that she was competent to stand trial, did not object to the district court's finding at the competency hearing that she was competent to stand trial,

U.S. 17, 19-20 (1973) (holding that, when a defendant attended the opening session of his trial but was voluntarily absent from the afternoon session, his mere voluntary absence could be construed as an effective waiver).

C. Decision to Continue with Trial

In addition to the Rule 43 requirements, we must also determine whether the district court undertook the required balancing of the public's interest and Bradford's right to be present before proceeding with trial. See United States v. Benavides, 596 F.2d 137, 139 (5th Cir. 1979). We review a district court's decision to proceed with trial in a defendant's absence only for abuse of discretion. See id.

Our predecessor circuit stated that the district court "has 'only a narrow discretion' in deciding whether to proceed with a trial when the defendant is voluntarily in absentia because the right to be present at one's own trial must be carefully safeguarded." Benavides, 596 F.2d at 139. In Benavides, the former Fifth Circuit adopted the "complex of issues" test set forth by the Second Circuit in United States v. Tortora, 464 F.2d 1202, 1210 (2d Cir. 1972), which annunciated a

---

and does not challenge that finding as error on appeal. Furthermore, Bradford does not point to any facts, and our review of the record reveals none, that should have given the district court reasonable cause to believe that Bradford had been rendered mentally incompetent between September 22nd, the time of her competency hearing, and December 17th, when she refused to come to court. Therefore, there is no evidence in the record that Bradford was not competent when she elected not to attend the balance of her trial on December 17th.

number of factors the district court must consider in exercising its discretion. For instance, the court "must weigh the likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to undertake two trials, again particularly in multiple-defendant trials where the evidence against the defendants is often overlapping and more than one trial might keep the Government's witnesses in substantial jeopardy." Id. at 139 (quoting Tortora, 464 F.2d at 1210). A court must also consider the inconvenience to the jurors. Id. at 140. The district court may exercise its discretion to proceed "only when the public interest clearly outweighs that of the voluntarily absent defendant." See Tortora, 464 F.2d at 1210.[9]

The Benavides panel included in its quotation a footnote from Tortora which in dicta stated, "It is difficult for us to conceive of any case where the exercise of this discretion would be appropriate other than a multiple-defendant case."

---

[9]The approach outlined in Tortora has also been adopted by the First and Fourth Circuits. See United States v. Latham, 874 F.2d 852, 857 (1st Cir. 1989); United States v. Rogers, 853 F.2d 249, 252 (4th Cir. 1988). On the other hand, the Ninth Circuit has held that a review of the district court's discretion to continue a defendant's trial in absentia is limited to reviewing the factual finding that the defendant waived his right to be present at trial. See United States v. Houtchens, 926 F.2d 824, 827 (9th Cir. 1991) (stating that, "[o]nce a defendant has deliberately violated a court order to appear for trial, and thus waived his right to be present, the judge's discretion to proceed should not be limited to extraordinary circumstances," and holding that its review of the district court's decision to try a defendant in absentia "will be limited to reviewing the factual finding that the defendant knowingly and voluntarily failed to appear").

15

However, since Tortora, the Second Circuit has receded from this position, and has held that, because the "complex of issues" test "has been applied to uphold trials in absentia in other compelling, if less extraordinary, circumstances," district courts have "broad discretion in determining whether to proceed with a trial in absentia, or to adjourn, or to sever." See United States v. Sanchez, 790 F.2d 245, 250-251 (2d Cir. 1986).

More recently, in the single-defendant case of United States v. Nichols, 56 F.3d 403 (2d Cir. 1995), the Second Circuit recognized that, in weighing the public interest in proceeding with trial under Tortora, the court may consider the defendant's contumacious conduct and any inconvenience to the witnesses and jurors or delay of the court's docket resulting from uncertain adjournment. See Nichols, 56 F.3d at 417-418 (involving a criminal defendant who attended the first day of trial, in which the jury was selected, but refused to leave his holding cell to attend the second day, in which the jury was sworn and testimony was heard) (citations omitted).[10]

_____

[10]Pointing out that the multi-defendant limitation posited in Tortora was dicta, the Second Circuit stated that it had since "clarified that a district court has 'broad discretion' to proceed with trial even in single-defendant cases." Nichols, 56 F.3d at 417-18 (citing United States v. Sanchez, 790 F.2d 245, 250-51 (2d Cir. 1986)). The Second Circuit explained that, "[b]ecause a defendant has 'no unilateral right to determine the time or the circumstances under which he would stand trial,' a district court generally acts within its discretion if it proceeds with trial when the defendant's absence is the product of sheer willfulness." Id. at 418 (quoting Wilson v. Harris, 595 F.2d 101, 103 (2d Cir. 1979)). Relying upon Diaz v. United States, 223 U.S. 442,

16

Whether the district court's discretion is characterized as broad or narrow, we agree with the Second Circuit that a defendant's obstructionist and willful behavior, and its effect on the orderly administration of the court's docket and the trial at hand, implicate a compelling public interest even in a single-defendant case and are properly considered by the district court in deciding whether to continue or postpone trial in the defendant's voluntary absence. We do not read <u>Benavides</u> to enumerate an exhaustive list of considerations. Indeed, our holding is consistent with the <u>Benavides</u> court's concern for the convenience of the jurors and the <u>Tortora</u> "complex of issues" test's focus on the public interest. Therefore, we hold that a consideration of the relevant factors, including the defendant's contumacious conduct, in certain circumstances may support a district court's decision to proceed with trial in a single-defendant case.

Having determined the appropriate factors to be weighed, we conclude that the district court did not abuse its discretion in deciding to continue the trial without Bradford. [11] Bradford had refused to come to court twice before, first for

457-58 (1912), in which the Supreme Court rejected as "a travesty of justice" the notion that a defendant could at his pleasure prevent a trial already commenced from proceeding, the Second Circuit recognized that, even in single-defendant cases, the public holds an interest in preventing "contumacious defendants" from wilfully obstructing trials and in avoiding inconvenience to jurors and witnesses and delay of the court's docket. <u>Id.</u>

[11]Because we conclude that the district court committed no reversible error, we do not address the parties' arguments regarding harmless error.

the competency hearing on September 22nd, and then on the original trial date on November 16th. A jury venire had been empaneled on November 16th at a cost of $2,000, according to the court's comments. By December 17th, a second jury venire had been empaneled and a jury selected, which was waiting to fulfill its obligations. Both the Government and the defense had witnesses who would need to make special arrangements to be present at trial and would have been greatly inconvenienced by a sudden postponement.[12] Furthermore, the record indicates that Bradford chose of her own volition to remain in her cell rather than attend the remainder of her trial. Given that Bradford's absence was a result of her own decision not to attend rather than the result of external circumstances preventing her attendance, such as illness or inclement weather, there was no reason to believe that the trial could have soon taken place with Bradford present. Given the nature

---

[12]A Government witness, one of the alleged victims, who was a single mother, would be traveling from California and needed advance notice of when she would need to be present in order to arrange for the care of her young children. One of the defense witnesses, Dr. Dee, was recovering from medical problems. Indeed, Bradford's refusal to attend her first trial date, and its inconvenience to these witnesses, led the district court to schedule the jury selection on December 6th, with the rest of the trial to proceed on a later date, so that the parties could be sure that trial had commenced for purposes of Rule 43 before their witnesses made arrangements to testify. The court issued an order directing Bradford to cooperate with the Deputy Marshals and come to court on that date. The order stated that, if Bradford refused to come to court, the Deputy Marshals would not attempt to bring Bradford to the courthouse forcibly, but a hearing would be set on the issue of whether she should be held in contempt. The court reasoned that, on December 6th, if Bradford appeared, jury selection could proceed and a later date for the rest of trial could be set so that the parties' witnesses could confidently make plans to be present. If Bradford refused to appear, "we won't have a trial, and your witness won't have to be here."

18

of the charges against Bradford and the court's concern for the safety of others in the courtroom, the court's decision not to attempt to bring Bradford forcibly into court was reasonable. Under Rule 43(b)(1), if Bradford voluntarily elected not to come once trial commenced, the court was under no obligation to force her.

A sufficient basis existed upon which the district court reasonably could have concluded that "the public interest [in proceeding with trial] clearly outweigh[ed] that of the voluntarily absent defendant" to attend all stages of her trial. See Tortora, 464 F.2d at 1210. This is particularly true where, as here, the defendant's absence was a result of her own willful refusal to come to court. See United States v. Nichols, 56 F.3d 403, 417-18 (2d Cir. 1995) (holding that a defendant's willful refusal to attend his trial is a relevant factor to consider when balancing the interests of the public and the defendant under Tortora). Accordingly, we find that the district court did not abuse its discretion by continuing with trial in Bradford's absence.

AFFIRMED.