[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 12-12255

————————————

D.C. Docket No.  1:10-cr-00053-CAP-ECS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONN DARNELL STERLING,
CORNELL DESMOND BRUMFIELD,
a.k.a. Carnell D. Brumfield,

Defendants - Appellants.

————————————

Appeals from the United States District Court
for the Northern District of Georgia

————————————

(November 21, 2013)

Before PRYOR and ANDERSON, Circuit Judges, and RESTANI,[*] Judge.

_____

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

RESTANI, Judge:

Defendants-Appellants Ronn Sterling ("Sterling") and Cornell Brumfield ("Brumfield") appeal their convictions for armed bank robbery, use of a firearm during and in relation to a crime of violence, and possession of a firearm by a convicted felon. Sterling argues that his right to be present at trial under Federal Rule of Criminal Procedure 43 was violated, and both defendants argue that evidence of their prior convictions was inadmissible. Additionally, Brumfield argues that there was insufficient evidence to find him guilty on the gun charge. The district court found that Sterling waived his right to be present at trial, that the evidence of prior convictions was admissible as to both defendants under Federal Rule of Evidence 404(b), and that there was sufficient evidence to sustain the convictions. For the reasons set forth below, we affirm.

## I.    BACKGROUND

On January 14, 2010, a masked man vaulted over the teller counter of a Regions Bank in Smyrna, GA, and robbed the bank using a silver handgun. After emptying the tellers' drawers, the man exited the bank and ran behind a shopping center located behind the bank, removing his mask as he ran. He then disappeared from the view of witnesses, who next saw another man remove a piece of paper covering the license tag of a vehicle while leaning over the trunk. Based on an eyewitness's tip, police officers located a vehicle matching the description of the

2

getaway car.  The car was owned and driven by Defendant Brumfield.  Although Brumfield's daughter was in the car, the alleged bank robber was not found.  Police officers attempted to open the trunk of the vehicle, but they were unable to access it either from the outside or the back seat, even though there was evidence that the trunk previously had functioned well.  Brumfield's vehicle was then towed to the impound lot of the Smyrna Police Department by a private wrecker truck.  Upon arriving at the lot, the truck driver began the process of unhooking the vehicle when he saw an individual matching the bank robber's description lying on the side of the flatbed, next to the open backseat door of the car.  The suspect walked away without being apprehended.  In the trunk of the car, police officers eventually found a bag with clothing matching the description of the bank robber's clothing as well as a silver firearm.  The bag of clothing had both Brumfield's and Sterling's fingerprints, and Sterling was a major contributor of the DNA found inside the gloves.

Defendants were charged in a three-count indictment in connection with the bank robbery.  The charges included armed bank robbery, 18 U.S.C. § 2113(a), (d), use of a firearm during and in relation to a crime of violence, id. § 924(c)(1)(A), (c)(1)(C)(i), and possession of a firearm by a convicted felon, id. §§ 922(g)(i), 924(a)(2).  In a pretrial hearing, the court decided, over an objection, to admit evidence under Federal Rule of Evidence 404(b) of Sterling's and Brumfield's

3

prior convictions for bank robbery. The convictions stemmed from a bank robbery in Oklahoma in 1995 and involved Brumfield, Sterling, and a third person. During that robbery, the criminals brandished a silver firearm, vaulted the counter of the bank, wore masks, and used a getaway driver. At the pretrial hearing, the government sought to admit evidence of the convictions for a litany of purposes, including to show motive, intent, preparation, plan, knowledge, etc. The court granted the government's request, ostensibly allowing the evidence for the purpose of proving motive, identity, preparation, and plan.

Sterling actively participated in the pretrial hearing. His jury trial began on January 17, 2012. When the court called the case and addressed preliminary matters, the judge was informed by Sterling's counsel and the U.S. marshal that Sterling did not want to have anything to do with the trial. Sterling, however, did agree to speak with the court in an interview room. The judge, court reporter, government counsel, and Sterling's attorney obliged and moved proceedings there.

The judge explained to Sterling his right to be present at trial and during the jury selection process. The judge also explained that Sterling's repeated interruptions would cause him to be labeled a disruptive defendant and removed from court. Based on Sterling's communications with his attorney and Sterling's active participation in the pretrial hearing, the judge believed that Sterling had a full understanding of what was transpiring, despite his repeated utterance of, "I do

4

not understand what's going on.  I do not accept no offers of the court."

The judge told Sterling that if he did not respond to the court's questions and if he continued to interrupt the court, these actions would be deemed a waiver of his right to be present at trial.  The judge reiterated these warnings several times, but Sterling responded by repeating the same nonsensical phrases.  The judge noted that Sterling likely was refusing to come to the courtroom to avoid identification by a witness, a concern that Sterling had expressed at the pretrial hearing.[1]  Finally, the judge said, "I find that you're a disruptive defendant, that you understand what I'm trying to tell you, and that you've waived your presence in the courtroom."  When the court reconvened in the courtroom, the judge stated that Sterling had waived his right to be present and Sterling's attorney conceded, "in his refusal to come up here . . . he was in fact waiving his right to be up here." The trial then continued without Sterling's presence, although he was provided a live video feed of the proceedings, and his counsel was permitted to meet with him during breaks in the trial.

During the trial, the judge asked a marshal and Sterling's counsel to ensure

_____

[1] The phrases Sterling repeated are often used by so-called "sovereign citizens," who believe they are not subject to the jurisdiction of the courts and who frequently deny that they are the defendants in the action, instead referring to themselves as third-party intervenors, as Sterling does here.  Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous.  See, e.g., United States v. Benabe, 654 F.3d 753, 761–67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous); United States v. Perkins, No. 1:10-cr-97-1-JEC-LTW, 2013 WL 3820716 (N.D. Ga. July 23, 2013).  Sterling does not press such theories here.

Sterling could view the proceedings and to remind him that he could come watch the trial in person at any time. The marshal reported back that the equipment was working properly so that Sterling could hear and view the proceedings but that he was trying to avoid watching it. After the government rested, the judge visited Sterling again. The judge advised Sterling of his right to testify and present evidence, but Sterling remained non-responsive. The court continued the trial without Sterling.

At the close of trial, the judge instructed the jury regarding the limited bases for which it could consider the evidence of prior convictions, borrowing largely from the instruction proposed by Sterling:

> Now, during the trial you've heard evidence of acts done by the defendants on other occasions, that is, armed bank robbery. It may be similar to acts the defendants are currently charged with. You must not consider any of this evidence to decide whether the defendants committed the acts charged here in this indictment now, but you may consider this evidence for other very limited purposes. If other evidence leads you to decide beyond a reasonable doubt that the defendants committed the acts charged, then you may consider evidence of similar acts done on other occasions to decide whether the defendants had the state of mind and intent necessary for the crime charged and acted accordingly [sic] to a plan or to prepare to commit a crime, or whether they committed the charged acts by accident or mistake.

The jury found both defendants guilty on all three counts. Before he was sentenced, Sterling filed a motion for a new trial, arguing that he did not waive his right to be present at the commencement of trial. The court denied Sterling's

6

motion, finding that Sterling voluntarily waived his right to be present at trial. Sterling was sentenced to 562 months imprisonment, and Brumfield was sentenced to 363 months. Both defendants filed timely appeals.

## II.    STANDARD OF REVIEW

Our review of the district court's trial of Sterling in absentia is a multistep process. First, we review the district court's interpretation of the relevant procedural rule de novo. See United States v. Curbelo, 726 F.3d 1260, 1276 (11th Cir. 2013). Next, we examine whether the district court properly exercised its discretion to allow the trial to go forward after finding that the defendant voluntarily waived his or her right to be present. United States v. Bradford, 237 F.3d 1306, 1311 (11th Cir. 2001). Under this prong, we adopt the district court's factual findings as to whether the defendant's absence was voluntary unless they are clearly erroneous. See id. If the district court properly found that the defendant waived his right to be present, "we consider whether the district court abused its discretion in concluding that there was on balance a controlling public interest to continue the trial in the defendant's absence." Id. Lastly, if the district court erred in continuing the trial in absentia, we determine whether the error was harmless. Id.

We review a district court's admission of evidence under Federal Rule of Evidence 404(b) for a "clear abuse of discretion." United States v. McNair, 605

7

F.3d 1152, 1203 n.69 (11th Cir. 2010) (internal quotation marks omitted).  Finally, "[w]e review the 'sufficiency of the evidence de novo, viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict.'"  United States v. Boffil-Rivera, 607 F.3d 736, 740 (11th Cir. 2010) (quoting United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir. 2007)).

### III.    DISCUSSION

#### A. Federal Rule of Criminal Procedure 43

Rule 43 specifies when the presence of a defendant is required for trial and related proceedings and when the right to be present may be waived.  Rule 43(a) requires the defendant be present at: "(1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing."  Rule 43(c)(1) allows a "defendant who was initially present at trial" to waive the right to be present:

> (A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial; (B) in a noncapital case, when the defendant is voluntarily absent during sentencing; or (C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.

Fed. R. Crim. P. 43(c) (emphasis added).

In Crosby v. United States, 506 U.S. 255 (1993), the Supreme Court held

8

that Rule 43 means what it says, "marking the point at which the costs of delay are likely to outweigh the interests of the defendant and society in having the defendant present." Id. at 261. In Crosby, the defendant attended pretrial hearings but absconded prior to trial. Id. at 256. He was tried in absentia and convicted. Id. at 257. The Court held that the trial court erred in finding a waiver when the defendant clearly was not present at the start of trial. Id. at 261. It stated, however, that Rule 43 allows a trial to proceed if the defendant was initially present at trial and constructively waived his right to be present by voluntary absence, recognizing that at that point "the costs of delay are likely to outweigh the interests of the defendant and society in having the defendant present." Id. at 261–62. In United States v. Arias, we held that even if the defendant's absence is voluntary, the trial may not commence in his absence when he clearly was not present at its beginning, an obvious application of Crosby. 984 F.2d 1139, 1141–42 (11th Cir. 1993).

In Bradford, we rejected the argument that a trial had not commenced until the precise moment that the jury was sworn. See 237 F.3d at 1309–10. In that case, the defendant was present during jury selection, but refused to leave her cell on the date trial before the jury was to commence. Id. at 1308. On appeal, we held that "for purposes of Rule 43(b)(1), a trial has commenced when the jury selection process has begun." Id. at 1310 (internal quotation marks omitted). We did not

9

have reason to consider, however, whether the trial might have begun even before that point in the proceedings. We based our ruling in Bradford on the language of Rule 43(a), which mentions "jury impanelment" as one stage of trial. Id. We also noted that our holding would "prevent a defendant from obstructing the proceedings by voluntarily absenting himself after the trial has begun in his presence." Id. (citing Taylor v. United States, 414 U.S. 17, 19–20 (1973)).

Sterling argues that the trial process had not yet begun when the district court found that Sterling had waived his right to be present. At oral argument, Sterling's counsel clarified that, under Sterling's reading of Rule 43, the trial court was required to forcibly bring Sterling into the courtroom, in the presence of the prospective jury, and clearly inform him that the trial was beginning. Absent these actions, Sterling contends that his conviction should be vacated.

In response, the government argues that Sterling's reading of "initially present at trial" is too strict. The government distinguishes Crosby from the present case and instead relies on our sister circuit's holding in United States v. Benabe, 654 F.3d 753, 771–72 (7th Cir. 2011), which held that trial begins the day of jury selection, but not necessarily at the time that a prospective juror enters the courtroom.

In Benabe, the defendants repeatedly disrupted pretrial proceedings. Id. at 761–65. At a hearing the day before jury selection, the district court ordered that

10

the defendants be removed from the courtroom for the trial since they were disruptive and refused to agree to not interrupt jury selection. Id. at 765–66. The court ensured that the defendants were able to watch the trial proceedings by way of a live video feed. Id. at 765. The Seventh Circuit directly addressed the question of what it means to be initially present at trial, and it concluded that the phrase refers simply to the day of jury selection, given the varied practices in managing jury selection and the need to move defendants outside the presence of the jury. Id. at 771–72. In Benabe, the court declined to nullify the trial based on the failure to bring the defendants into the courtroom on the day of jury selection, because "[t]he courtroom door remained open to these defendants on the morning of [jury selection] and every day thereafter." Id. at 773. The court also noted that this would simply give defendants an additional opportunity to misbehave in front of prospective jurors. Id. at 771. Because the waiver was procured the day before trial, the court found a technical violation of Rule 43, but it held that the error was harmless. Id. at 774.

Benabe is in line with an earlier decision of our court that held a defendant may waive his or her right to be present during jury selection, which is expressly listed in Rule 43(a) as a stage of trial. See United States v. Crews, 695 F.2d 519 (11th Cir. 1983). Nothing in Bradford or Crosby overruled our decision in Crews. Reading Bradford and Crews, together with the persuasive reasoning of Benabe,

11

we conclude that trial commences no later than on the day of jury selection, without respect to whether the defendant is present at the time prospective jurors enter the courtroom. It seems absurd to require the court to bring a combative defendant into the presence of prospective jurors, only to taint the pool with his own disruptive behavior and perhaps prejudice a cooperative codefendant. Additionally, we reject Sterling's argument that the district court was required to use a talismanic phrase that the trial was beginning, especially where here it was obvious that the trial was beginning based on the judge's explanation of the video procedures and the calling of the case in open court. Accordingly, trial had commenced on the day of jury selection when court was held in the interview room, Sterling was informed of his rights, and the trial proceedings were explained. At that time, Sterling was permitted under Rule 43 to waive his right to be present.

Because we find that Sterling could have waived his right to be present at trial when court was held in the interview room, we turn now to whether Sterling's purported waiver was effective. To be effective, a defendant's waiver under Rule 43(c) must be voluntary. See Bradford, 237 F.3d at 1311. The court convened with Sterling's consent in the room in which he was held, and the district judge clearly stated that unless Sterling answered otherwise, his presence at trial would be deemed waived. Based on Sterling's lucid behavior at the pretrial hearing and

12

his assent to proceeding in the interview room, the judge concluded that Sterling understood what was transpiring.  The court advised Sterling of his right to be present at the trial as well as jury selection.  The court also instructed Sterling that if he refused to attend, he could watch the proceedings through a live feed and his counsel would be available to him on breaks, but trial would otherwise proceed without him.  Sterling refused to respond to the court, and therefore the district court properly found that Sterling constructively waived his right to be present at trial.  Cf. Bradford, 237 F.3d at 1311–12 (finding waiver voluntary where the record demonstrated that the defendant understood possible consequences of failing to appear and still elected not to appear).  The record does not demonstrate error on the part of the district court, let alone evidence that would leave us with "a definite and firm conviction that a mistake has been committed."  See United States v. Augustin, 661 F.3d 1105, 1134 (11th Cir. 2011), cert. denied, 132 S. Ct. 2447 (2012).

Finally, the district court appropriately balanced the public's interest with Sterling's right to be present, concluding that there was a controlling public interest to continue the trial in Sterling's absence given the presence of a prospective jury and a co-defendant.  In conducting this balancing in Bradford, we looked to factors including a defendant's disruptive behavior and any inconvenience to the jury and witnesses that would result in a delay.  Bradford, 237 F.3d at 1313.  Sterling

13

continually interrupted the court during pretrial proceedings and stated, "I have no desire to participate in these proceedings." Similarly, when court convened in the interview room, Sterling repeatedly interrupted the judge and provided nonresponsive answers to the court's questions. As in Bradford, "[g]iven that [defendant's] absence was a result of [defendant's] own decision not to attend rather than the result of external circumstances . . . there was no reason to believe that the trial could have soon taken place with [the defendant] present. . . . Under Rule 43(b)(1), if [a defendant] voluntarily elected not to come once trial commenced, the court was under no obligation to force [the defendant]." Bradford, 237 F.3d at 1314. There was a sufficient basis for the district court to conclude that the public interest in proceeding with trial outweighed any interest in delay, and it permissibly chose to continue the trial without Sterling.

We conclude that the district court's interpretation of Rule 43 was proper and that the court did not err in proceeding without Sterling once his rights were explained to him. Accordingly, Sterling voluntarily and permissibly waived his right to be present at trial, and no error, harmless or otherwise, occurred.

## B. Prior Conviction Under Federal Rule of Evidence 404(b)

Rule 404(b)(1) generally prohibits the introduction of propensity evidence at trial. Rule 404(b)(2), however, provides an exception to this general rule for evidence that is also probative for some other purpose, "such as proving motive,

14

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Here, although the court stated during the pretrial hearing that the evidence was admitted for the purposes of motive, identity, preparation, and plan, it instructed the jury that it could consider the evidence for the purposes of intent, plan, preparation, and lack of accident or mistake. Because we assume that the jury properly followed the court's instructions, we need consider only whether the evidence of prior convictions here was properly admitted for the limited purposes stated in the jury instructions, not the additional purposes discussed at the pretrial conference.

We apply a three-part test to determine admissibility of evidence of prior crimes under Rule 404(b): 1) the evidence must be relevant to an issue other than the defendant's character; 2) sufficient evidence must be presented to allow a jury to find that the defendant committed the extrinsic act; and, 3) the probative value of the evidence must not be substantially outweighed by its undue prejudice. See United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008). "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (quoting United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998)). "Thus, where the

15

state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." Id.

"Extrinsic evidence of other crimes, wrongs, or acts is inherently prejudicial to the defendant," and may entice the jury to draw the prohibited inference that a defendant previously convicted of a crime likely committed the same crime again. United States v. Baker, 432 F.3d 1189, 1205 (11th Cir. 2005). Accordingly, the third prong of the test calls for "the incremental probity of the evidence . . . to be balanced against its potential for undue prejudice." United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978). This type of evidence is often disfavored because of the possibility for its misuse, especially where the government has a strong case. Id. "In other words, if the government can do without such evidence, fairness dictates that it should; but if the evidence is essential to obtain a conviction, it may come in. This may seem like a heads I win; tails you lose proposition, but it is presently the law." United States v. Pollock, 926 F.2d 1044, 1049 (11th Cir. 1991).

A prior crime need not be factually identical in order for it to be probative. See United States v. Hernandez, 896 F.2d 513, 522 (11th Cir. 1990) (finding that past conviction for possession with intent to distribute marijuana was sufficiently similar to charge of possession with intent to distribute 500 grams of cocaine). Additionally, the prior crime need not be very recent, especially where a

16

substantial portion of the gap in time occurred while the defendant was incarcerated. See id. at 522–23 (six-year period between crimes); see also United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995) (prior acts from fifteen years prior).

Although advanced at oral argument repeatedly by the defendants, the question before us is not simply whether the prior convictions could be viewed as propensity evidence. Virtually all evidence admissible under Rule 404(b)(2) could be used by the jury for such a purpose, contrary to the standard type of jury instruction used here. Instead, we must examine whether the district court abused its discretion in failing to conclude that undue prejudice generated by the evidence of the prior convictions, including the chance that the jury will convict the defendant for the prior crime and not the one presently charged, substantially outweighed the probative value of the evidence.[2]

Here, the prior crime involved both defendants robbing a bank together, using a gun. Although the prior conviction occurred fifteen years before the bank robbery at issue here, both defendants were incarcerated until approximately seven years before the robbery at issue. With respect to Brumfield, evidence of this prior armed bank robbery was strong circumstantial evidence that he had knowledge that

---

[2] Although Sterling also challenges the admissibility of the convictions under the first prong of the test, his challenge goes only to whether the evidence could be considered for purposes of identity. Because the jury was not instructed to consider such a purpose, we need not consider whether the evidence could have been considered for this reason.

17

Sterling was armed.  The prior crime "directly show[ed] knowledge on [Brumfield's] part that [Sterling] would use a gun in the robbery" and distinguishes Brumfield's role in the prior robbery from our decision in United States v. Pendegraph, 791 F.2d 1462, 1466 (11th Cir. 1986), in which we stated that a jury cannot infer knowledge from evidence that a defendant was "presumably" the driver of the getaway car and involved in planning an armed robbery. Accordingly, the jury was permitted to consider the evidence of the prior conviction of armed bank robbery to decide whether Brumfield knew that Sterling would be armed.

The evidence was also relevant as to Sterling's intent to use the gun during the commission of the crime, as he had previously used a weapon when robbing another bank.  Assuming arguendo that this particular evidence was overly prejudicial as to Sterling, despite the limiting instruction given to the jury, we find it was harmless.  There was otherwise overwhelming evidence of guilt to support Sterling's conviction, including the physical evidence found in the vehicle, the eyewitness's descriptions, and Sterling's unexplained behavior.

## C. Sufficiency of the Evidence

Brumfield challenges his conviction on all counts based on a lack of evidence sufficient to support the charges, although he filed a Rule 29 motion for judgment of acquittal only with respect to the gun charges.  As noted above, it was

18

undisputed that a gun was in fact used during the commission of the bank robbery. Based on the evidence of the prior conviction for armed bank robbery, a reasonable jury could conclude that Brumfield knew that a gun would be used by Sterling in committing the crime, especially when combined with other evidence that Brumfield was involved in planning the crime over a period of months while Sterling stayed with Brumfield. After a review of the record as a whole, we affirm Brumfield's conviction on all counts.

## IV.   CONCLUSION

The district court did not err in concluding that Sterling waived his right to be present at trial. Additionally, the district court did not err in admitting into evidence the defendants' prior convictions, and there was sufficient evidence to support all counts against Brumfield. For the foregoing reasons, the convictions of both Sterling and Brumfield are

AFFIRMED.