[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15389
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-02036-CEM-DAB


EDWARD BARREIRO TREVINO,
In Propria Persona,

                                                          Plaintiff-Appellant,

versus

THE STATE OF FLORIDA,
2 Courthouse Square #2000,
Kissimmee, FL 34741,
d.b.a. Leslie A. Hess,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 4, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Edward Trevino, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal under 28 U.S.C. § 1915A(b)(1) of his 42 U.S.C. § 1983 complaint as frivolous.  After review,[1] we affirm.

## I. DISCUSSION

Trevino's legal arguments, including that Florida has no jurisdiction over him because he is a "natural born, free . . . [l]iving, breathing, flesh and blood human [being]" and that he must be released because Florida breached a security agreement with him, are frivolous.  *See Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("A claim is frivolous if and only if it lacks an arguable basis either in law or in fact." (quotation omitted)); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that so-called "sovereign citizens" are individuals who believe they are not subject to courts' jurisdiction and that courts have summarily rejected their legal theories as frivolous); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases and noting that a court should summarily reject arguments that a person is beyond a court's jurisdiction because he is a "sovereign citizen," "secured-party creditor," or "flesh-and-blood human

---

[1] We review for abuse of discretion a district court's sua sponte dismissal for frivolity under 28 U.S.C. § 1915A(b)(1), mindful of the fact that pro se pleadings are to be liberally construed.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

2

being"). In addition, Trevino's factual allegations that he is a party to some sort of secured transaction requiring Florida to release him are clearly baseless. *See Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992). If Trevino seeks to challenge his conviction, habeas corpus, and not § 1983, is the proper avenue. *See Wilkinson v. Dotson*, 544 U.S. 74, 78, 81 (2005). Finally, leave to amend the complaint would have been futile because a more carefully drafted complaint could not save Trevino's claims. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . .").

## II. CONCLUSION

For the foregoing reasons, the judgment of the district court is

**AFFIRMED**.