[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11118

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ADAM EDGAR STAGNER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:17-cr-00193-TFM-MU-1

————————————————

Before WILSON, LUCK, AND ANDERSON, Circuit Judges.

PER CURIAM:

Adam Stagner appeals following the revocation of his supervised release and the district court's imposition of a 24-month term of imprisonment. We previously ordered Stagner's counsel to brief: (1) whether Stagner knowingly and voluntarily waived his right to counsel before the district court, and (2) whether Stagner's sentence is procedurally unreasonable because the district court failed to consult the Sentencing Guidelines and determine the guideline range applicable to Stagner's violations. Counsel has briefed one of these issues, as well as a third issue: whether Stagner was denied the opportunity to participate in his own defense. We address the parties' contentions in turn.

## I. Right to Counsel

We first asked counsel to brief "whether Stagner knowingly and voluntarily waived his right to counsel below." Under our caselaw, a party "must adequately brief each issue by 'plainly and prominently' raising it." *United States v. Cooper*, 926 F.3d 718, 730 (11th Cir. 2019) (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*); *United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020). The failure to properly raise an issue for appeal results in "forfeiture of the issue," subject to *sua sponte* review only in "extraordinary circumstances." *Campbell*, 26 F.4th at 873. In *United States v. Williams*, we concluded that an

appellant had abandoned a challenge to the denial of his right to self-representation under *Faretta* because his appellate counsel failed to brief the issue. 29 F.4th 1306, 1307, 1311-15 (11th Cir. 2022). In that case, similarly, the issue that was abandoned had been identified by the Court in an order on an *Anders* motion which directed counsel to analyze the issue. *Id.* at 1311-12. But because counsel's initial brief, "even when read liberally," failed to argue that issue, we affirmed the issue as forfeited. *Id.* at 1314. We also concluded that no circumstances were present that justified "reviv[ing the] forfeited issue." *Id.* at 1314 n.5 (citing *Campbell*, 26 F.4th at 873).

Here, regardless of the potential merit of this issue, which we ordered briefing on, Stagner's initial brief does not "plainly and prominently" discuss the issue, so it is abandoned. We conclude, also, that no exceptional circumstances exist to justify reviving the issue, so we affirm on that issue. *See Williams*, 29 F.4th at 1307, 1311-15 & n.5.

II. Opportunity to be Present at the Revocation Hearing

Generally, where a defendant does not raise a challenge below, we review the argument on appeal only for plain error. *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005) (reviewing a constitutional challenge for plain error); *see also United States v. James*, 210 F.3d 1342, 1343 (11th Cir. 2000) (reviewing a challenge under the Federal Rules of Criminal Procedure for plain error). Under the plain-error standard, a defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States*

v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)). If the defendant establishes these requirements, we then have discretion to correct an error that "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Duldulao, 87 F.4th 1239, 1261-62 (11th Cir. 2023) (quoting United States v. Olano, 507 U.S. 725, 736 (1992)).

The doctrine of invited error is implicated when a party induces or invites the district court into making an error. United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998). Once a defendant invites error, an appellate court will not review an error invited by a defendant, on the rationale that the defendant should not benefit from introducing an error at trial. Id.

Because revocation proceedings are not part of a criminal prosecution, the full panoply of constitutional rights due in a criminal prosecution do not necessarily apply. Morrissey v. Brewer, 408 U.S. 471, 480 (1972). That said, defendants are entitled to certain minimal due process protections in supervised release revocation proceedings, which are incorporated in Federal Rule of Criminal Procedure 32.1. United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). Under the Federal Rules of Criminal Procedure, a defendant at a supervised release revocation proceeding is entitled to: (A) written notice of the alleged violation; (B) disclosure of the evidence against him; (C) an opportunity to appear, present evidence, and question any adverse witness; (D) notice of his right to retain counsel or to request that counsel be appointed if he cannot obtain

counsel; and (E) an opportunity to make a statement and present any information in mitigation.  Fed. R. Crim. P. 32.1(b)(2)(A)-(E).

We have explained that the right to be present at a trial stems from "the Confrontation Clause of the Sixth Amendment, the Due Process Clause of the Fifth Amendment, and Federal Rule of Criminal Procedure 43." *United States v. Novaton*, 271 F.3d 968, 997 (11th Cir. 2001).[1]  The right to be present under the Due Process Clause guarantees the defendant a "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Id.* at 998 (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)).  A defendant's presence contributes to the fairness of the procedure when he has personal knowledge or relevant information, such that his presence would be useful or more than just a shadow of his counsel.  *United States v. Boyd*, 131 F.3d 951, 954 (11th Cir. 1997).  A defendant must offer more than conclusory statements to demonstrate that, had he been present, "he could have assisted either his counsel or the court in a way that would have resulted in a more reliable hearing." *Id.*  One "critical stage" of the criminal proceeding that receives protection under the Due Process Clause is when the defendant's sentence is imposed.  *United States v. Jackson*, 923 F.2d 1494, 1496-97 (11th Cir. 1991).

---

[1] We need not determine the precise contours of the right to be present at trial that applies in the supervised release context, because Stagner cannot show error under the more favorable right to presence at trial standards.

We review "a district court's decision to proceed with trial in a defendant's absence only for abuse of discretion." *United States v. Bradford*, 237 F.3d 1306, 1311 (11th Cir. 2001). "[W]e first review whether the district court properly exercised its discretion in finding that the defendant voluntarily waived the right to be present." *Id.* In doing so, "we adopt the district court's factual findings as to whether the defendant's absence was voluntary unless they are clearly erroneous." *United States v. Sterling*, 738 F.3d 228, 234 (11th Cir. 2013). If the district court's finding that the defendant waived his right to be present was proper, "'we consider whether the district court abused its discretion in concluding that there was on balance a controlling public interest to continue the [proceeding] in the defendant's absence.'" *Id.* (quoting *United States v. Bradford*, 237 F.3d 1306, 1311 (11th Cir. 2001)). If the district court erred in continuing the proceeding without the defendant, "we determine whether the error was harmless." *Id.* When reviewing for harmless error, reversal is not required absent a showing of prejudice. *United States v. Leonard*, 4 F.4th 1134, 1144 (11th Cir. 2021). "[A] defendant's obstructionist and willful behavior, and its effect on the orderly administration of the court's docket and the trial at hand, implicate a compelling public interest . . . and are properly considered by the district court in deciding whether to continue or postpone trial in the defendant's voluntary absence." *Bradford*, 237 F.3d at 1314.

Here, we conclude that Stagner invited any error relating to his continued absence from the courtroom during the final revocation hearing because he explicitly chose not to return to the courtroom after his removal. Accordingly, we do not consider his challenges on this issue. *Stone*, 139 F.3d at 838.

As to Stagner's initial removal from the courtroom, we find no error, let alone plain error. Stagner's conduct was patently disruptive and his presence in the courtroom would have only further derailed the proceedings. His subsequent decision not to return when given the chance suggests that his initial removal was part of a calculated decision to absent himself from the proceedings. Furthermore, any error related to the initial removal was harmless, because there is nothing suggesting that Stagner's presence would have led to a more reliable or fair hearing nor that his absence prejudiced him in any way. For these reasons, we affirm on this issue as well.

### III.  Procedural Reasonableness of the Sentence

We generally review a sentence imposed upon revocation of supervised release for reasonableness, applying an abuse-of-discretion standard. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). In determining procedural reasonableness, we review a district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996). If a party does not raise a procedural argument before the district court, however, we generally review only for plain error. *United States v. McNair*, 605 F.3d 1152,

1222 (11th Cir. 2010).  However, a district court must "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law."  *United States v. Mosely*, 31 F.4th 1332, 1334 (11th Cir. 2022) (quoting *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*)); *see also United States v. Campbell*, 473 F.3d 1345, 1346, 1348-49 (11th Cir. 2007) (applying *Jones* to supervised release revocation proceedings).  We review *de novo* whether "a district court has given a defendant the required opportunity to object to its factual and legal findings."  *Mosely*, 31 F.4th at 1334.  If the record is sufficient to review the parties' objections notwithstanding a sentencing court's failure to give a defendant the requisite opportunity to object, we review the objection *de novo*. *Campbell*, 473 F.3d at 1347.

When reviewing a sentence for reasonableness, we normally use a two-step process, whereby we first ensure that the district court committed no significant procedural error. *United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir. 2016).  Procedural errors include failing to calculate or improperly calculating the guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the guideline range. *Id.* The failure to calculate the guideline range is a "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007).  That is because, as the Supreme Court has explained, "the Guidelines should be the starting point and the initial benchmark" at

sentencing "[a]s a matter of administration and to secure nation-wide consistency." *Id.* at 49.

Chapter 7 of the Sentencing Guidelines contains policy statements that provide ranges of imprisonment that a court may follow when revoking supervised release. U.S.S.G. Ch. 7, Pt. A, intro. Although the Guidelines and their policy statements are advisory, judges are still required to consider them. *United States v. Booker*, 543 U.S. 220, 245-46 (2005). The consultation requirement, "at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). Under Chapter 7, in calculating the guideline range for a sentence upon revocation of supervised release, the district court should consider the grade level classification of the revocation provoking conduct, the defendant's criminal history at the time of the underlying offense, and the class of the underlying offense of conviction. *Campbell*, 473 F.3d at 1348-49; U.S.S.G. §§ 7B1.1, 7B1.4. After imposing its sentence, the district court must ensure that the grounds are clearly stated. *See Campbell,* 473 F.3d at 1349 (vacating and remanding in part because the district court failed to consider the Sentencing Guidelines and the defendant's advisory sentencing range).

In *Campbell*, we held that a district court can satisfy the consultation requirement by providing "some indication" on the record that it was aware of and considered the Guidelines. 473 F.3d at 1349 (quoting *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000)). However, because the district court "never explicitly

mentioned [the defendant's] advisory Guidelines range during the revocation hearing" in that case, we held that the defendant's sentence was procedurally unreasonable, even though both parties mentioned the defendant's guideline range. *Id.* at 1349 & n.2 (noting that "the district court never said the word 'Guidelines' during the entire hearing").

Here, while Stagner did not preserve any challenge to the procedural reasonableness of his sentence, as neither he nor his counsel objected on any ground, the government is correct that *de novo* review applies, because the district court did not elicit objections after pronouncing the sentence.

Under a *de novo* standard of review, the district court erred in failing to consider the Sentencing Guidelines, and, more specifically, Stagner's Guidelines range, in sentencing Stagner. Nothing in the record suggests that the court calculated a Guidelines range, discussed whether to impose a guideline or non-guideline sentence, or, with one exception, mentioned the Sentencing Guidelines at all in sentencing Stagner. While the Guidelines are not mandatory, we and the Supreme Court have explained that error occurs when courts fail to consider them. While the government notes that the district court made a single mention of "Chapter 7," we conclude that this statement, which implied that the court believed a Guidelines-sentence was "appropriate," does not show consideration of the Guidelines because the court actually imposed an above-Guidelines statutory maximum sentence. In addition,

the statement does not suggest that the district court considered or calculated Stagner's Guidelines range, as our precedent requires.

Finally, we conclude that the government has not shown that this error was harmless, as there is nothing in the record to suggest that the district court understood that it was varying upward and the extent of its variance, nor any statement by the district court that it would have imposed the statutory maximum sentence notwithstanding the Guidelines range. Accordingly, we vacate and remand Stagner's sentence for resentencing.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**