[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17655
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24078-DPG

WILLIE-FRANK WALKER,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
d.b.a. Herbert Erving Walker, III,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 5, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Willie-Frank Walker, a pro se Florida prisoner, appeals the district court's

dismissal of his complaint for failure to state a claim, under Fed. R. Civ. P.

12(b)(6).  On appeal, Walker argues that the district court erred by dismissing his complaint for lack of subject matter jurisdiction, arguing that it had federal question jurisdiction over his claims.  After thorough review, we affirm.

We review de novo a district court's dismissal for lack of subject matter jurisdiction.  See Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009).  We also review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6), taking all allegations in the complaint as true.  See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) motion, a complaint need not have detailed factual allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2006).  We've said that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).  A party can abandon an issue on appeal by failing to "plainly and prominently" address it in his opening brief.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680-81 (11th Cir. 2014) (quotation omitted).

2

When a prisoner challenges the fact or duration of his imprisonment and seeks a determination that he is entitled to immediate or a speedier release from confinement, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In addition, courts have repeatedly rejected as frivolous arguments that people are "sovereign citizens" who are not subject to the jurisdiction of any courts. See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

Here, Walker's claim that the district court erred by dismissing his complaint for lack of subject matter jurisdiction fails because the court did not dismiss his complaint on those grounds. Rather, the district court dismissed the complaint for failing to state a claim, under Rule 12(b)(6). Neither the district court's order nor the state's motion to dismiss discussed subject-matter jurisdiction.

Because Walker does not appear to dispute the district court's holding under Rule 12(b)(6) that he failed to allege sufficient facts to state a claim upon which relief could be granted, he has abandoned any argument that the district court erred in dismissing his complaint on that ground. See Sapuppo, 739 F.3d at 680-81. But even if Walker had not abandoned the argument, it would fail because his complaint failed to meet the pleading standards. See Fed. R. Civ. P. 8(a)(2). Indeed, Walker has not even explained on appeal what claim he was trying to

3

allege.  Further, while Walker did not state that he was a "sovereign citizen," his arguments are similar to the "sovereign citizen" arguments that courts have rejected as frivolous.  See Sterling, 738 F.3d at 233 n.1.  Finally, to the extent Walker wished to challenge the legality of his detention, he was required to seek a writ of habeas corpus.  See Preiser, 411 U.S. at 500.

**AFFIRMED**.