[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14239
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00039-WS-N-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES RAYMOND STAGNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 26, 2019)

Before WILSON, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Charles Raymond Stagner appeals his convictions and 132-month concurrent sentences for possession with intent to distribute methamphetamine. Stagner argues that: (1) the district court erred by denying his motion for a judgment of acquittal because the government did not prove that he intended to distribute methamphetamine; (2) the district court abused its discretion by admitting evidence of his past conviction for conspiracy to manufacture methamphetamine under Fed. R. Evid. 404(b); (3) the district court plainly erred by not assessing a 2-level reduction for acceptance of responsibility; and (4) his 132-month sentences were substantively unreasonable because the district court did not consider his drug addiction and erroneously stated that the mandatory minimum did not account for his prior conviction.

## I.

We review the denial of a motion for a judgment of acquittal *de novo*, viewing all facts and inferences in the light most favorable to the government. *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016).  The district court's denial of a motion for a judgment of acquittal will be upheld if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt.  *Id.*  We will not overturn the jury's verdict if any reasonable construction of the evidence would have allowed the jury to find the

2

defendant guilty. *United States v. Henderson*, 893 F.3d 1338, 1348 (11th Cir. 2018).

To convict a defendant of possession with intent to distribute a controlled substance, the government must prove knowing possession and intent to distribute. *United States v. Williams*, 865 F.3d 1328, 1344 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1282 (2018); *see* 21 U.S.C. § 841(a)(1). Knowledge, possession, and intent can be proven by direct or circumstantial evidence. *United States v. Poole*, 878 F.2d 1389, 1391-92 (11th Cir. 1989). Intent to distribute can be proven circumstantially from the quantity of drugs and the existence of implements, like scales, that are commonly used in connection with the distribution of drugs. *Id.* at 1392.

Here, the district court did not err in denying Stagner's motion for a judgment of acquittal because the evidence presented at trial, including that a confidential informant bought methamphetamine from Stagner, officers searching his home found 15 grams of methamphetamine along with razor blades, scales, and small plastic baggies, and he admitted to selling methamphetamine, was sufficient for a reasonable juror to find that he was guilty beyond a reasonable doubt.

## II

We review evidentiary decisions for abuse of discretion. *United States v. Nerey*, 877 F.3d 956, 974 (11th Cir. 2017). However, we review unpreserved

evidentiary arguments for plain error. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003). Under plain error review, the defendant must show (1) error; (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness of the judicial proceedings. *Id.*

Evidence of a past crime is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). A district court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

To be admissible under Rule 404(b)(2), a prior act (1) must be relevant to an issue other than the defendant's character; (2) must be sufficiently proven to permit a jury determination that the defendant committed that act; (3) must have probative value that is not substantially outweighed by undue prejudice; and (4) must otherwise satisfy Rule 403. *Nerey*, 877 F.3d at 974.

A defendant who enters a not guilty plea makes intent a material issue, which the government may prove by qualifying Rule 404(b) evidence. *United*

4

*States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013). Where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied. *Id.* Prior convictions involving the same drug may be probative of intent even if the crimes are not identical. *See United States v. Smith*, 741 F.3d 1211, 1226 (11th Cir. 2013) (holding that a prior conviction for possession was probative of intent to distribute). A prior conviction involving the same drug is probative even where the conviction is many years old. *See id.* at 1225-26.

Extrinsic evidence of other crimes is inherently prejudicial to the defendant because it may entice the jury to draw the prohibited inference that a defendant previously convicted of a crime likely committed the same crime again. *Sterling*, 738 F.3d at 238. This type of evidence is disfavored because of the possibility for its misuse, especially where the government has a strong case. *Id.* However, a limiting instruction may mitigate unfair prejudice caused by the admission of a prior conviction. *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007). This Court presumes that jurors follow the instructions of the district court. *See United States v. LaFond*, 783 F.3d 1216, 1222 (11th Cir. 2015).

Here, the district court did not abuse its discretion in admitting evidence of Stagner's past conviction for conspiracy to manufacture methamphetamine. First, the past conviction was relevant to prove intent, which Stagner put at issue by

pleading not guilty.  *See* Fed. R. Evid. 404(b); *Nerey*, 877 F.3d at 974; *Sterling*, 738 P.3d at 238.  As to Stagner's argument on this prong of the *Nerey* test, which he raises for the first time on appeal, the district court did not err, plainly or otherwise.  It was correct in concluding that the conviction was relevant, without requiring proof of the state of mind required for both crimes, because this Court has held that a past conviction involving the same controlled substance as the charged crime is relevant to prove intent even where the crimes are not identical. *See Smith*, 741 F.3d at 1226.  Further, the past conviction, which occurred nine years earlier, was not too remote to have probative value.  *See id.* at 1225-26. Next, the conviction met the second prong of the test because the government introduced a certified copy.  *Nerey*, 877 F.3d at 974.  Finally, although the evidence of the past conviction was prejudicial to Stagner, the district court mitigated that prejudice by providing a limiting instruction at the time the conviction was introduced.  *Edouard*, 485 F.3d at 1346; *LaFond*, 783 F.3d at 1222. Thus, the prejudicial effect did not substantially outweigh the conviction's probative value.  *See Nerey*, 877 F.3d at 974.  Finally, there is no evidence that the introduction of the conviction otherwise created a risk contemplated in Rule 403. *See id.*  Accordingly, the district court did not abuse its discretion in admitting evidence of Stagner's prior conviction under Rule 404(b).

6

III

In reviewing a district court's refusal to grant a reduction for acceptance of responsibility, we review the district court's interpretation of the guidelines *de novo* and its factual findings for clear error. *United States v. Mathews*, 874 F.3d 698, 709 n.7 (11th Cir. 2017). However, where an appellant fails to clearly articulate the grounds for an objection, we apply the plain error standard. *See United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). An error affects a party's substantial rights if it had a substantial influence on the outcome of the case. *United States v. Cruickshank*, 837 F.3d 1182, 1191 (11th Cir. 2016). An error is plain if it contradicts precedent from the Supreme Court or us directly resolving the issue. *Id.*

Under U.S.S.G. § 3E1.1, a defendant's offense level is decreased by two levels if he clearly demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1(a). The defendant bears the burden of demonstrating that he is entitled to a reduction for his acceptance of responsibility. *United States v. Gupta*, 572 F.3d 878, 890 (11th Cir. 2009). The reduction is not intended to apply to a defendant "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1, comment. (n.2). However, a defendant who goes to trial may be eligible for the reduction if he proceeded to trial to preserve issues not related to factual guilt, such as a constitutional challenge to a statute or a

challenge to the applicability of a statute to his conduct. *Id.* A defendant is not eligible for an acceptance-of-responsibility reduction if he denies guilt in the face of evidence to the contrary. *United States v. Williams*, 627 F.3d 839, 844 (11th Cir. 2010).

Here, as an initial matter, this claim should be reviewed for plain error because Stagner did not raise it below. *See Massey*, 443 F.3d at 818. On the merits, the district court did not plainly err in denying an acceptance-of-responsibility reduction because Stagner proceeded to trial to challenge his factual guilt. *See* U.S.S.G. § 3E1 .1, comment. (n.2). At trial, he contended that the government had not proven his intent to distribute on Count 2 and had not proven possession or intent to distribute on Count 1—challenging his factual guilt, not the constitutionality of the criminal statute or its application to his undisputed conduct. U.S.S.G. § 3E1 .1, comment (n.2). He continued to deny his factual guilt at sentencing, despite the government having provided substantial evidence to the contrary. *Williams*, 627 F.3d at 844. Further, any error was not plain because the court's decision was not contrary to binding precedent directly resolving the issue. *See Cruickshank*, 837 F.3d at 1191. Moreover, even if there were error that was plain, it would not have affected Stagner's substantial rights, because a two-level reduction would not have changed his guideline calculations. *See Cruickshank*, 837 F.3d at 1191. Stagner's calculated guideline range, based on a total offense

level of 24 and a criminal history category of II, was 57-71 months.  However,

Count 2 carried a mandatory minimum of 120 months, making his guideline term

120 months.  A two-level acceptance-of-responsibility reduction would have

reduced the calculated range to 46-57 months, but would not have affected the

ultimate guideline term of 120 months.  Thus, any error in calculating Stagner's

guideline range would not have changed the outcome of the case.  *See*

*Cruickshank*, 837 F.3d at 1191.

IV

We review the reasonableness of a sentence under the deferential abuse-of-

discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party

challenging the sentence bears the burden of showing the sentence is unreasonable

in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d

1371, 1378 (11th Cir. 2010).

The district court must impose a sentence "sufficient, but not greater than

necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including

the need to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, deter criminal conduct, and protect the

public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).

The court must also consider the nature and circumstances of the offense and the

history and characteristics of the defendant.  *Id.* § 3553(a)(1).

9

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A court can abuse its discretion when it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor significant weight, or commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015) (rejecting defendant's argument that the district court gave unreasonable weight to his criminal history in imposing a 60-month upward variance). The district court may not apply a presumption of reasonableness to the sentencing guideline range and must actually consider the relevant statutory factors. *Nelson v. United States*, 555 U.S. 350, 352 (2009). However, the district court need not discuss each individual factor on the record. *Irey*, 612 F.3d at 1194-95. Rather, it is sufficient for the district court to acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. *Id.* We will vacate a sentence only if the district court "committed a clear error in judgment in weighing the § 3553(a) factors." *Id.* at 1190. If the district court determines that a sentence outside the guideline range is warranted, it must

ensure the justification is sufficiently compelling to support the degree of the variance.  *Gall*, 552 U.S. at 50.

Here, the district court did not abuse its discretion by imposing substantively unreasonable sentences.  As the government concedes, the district court was not correct in stating that the mandatory minimum did not take Stagner's prior conviction into account.  His prior conviction triggered the mandatory minimum, raising his guideline range from 57-71 months to 120 months. 28 U.S.C. § 841(b)(1)(B).  However, the district court did not support its 12-month upward variance with that consideration alone.  In imposing Stagner's sentences, it also cited his lack of remorse, the seriousness of the offense, and the need for respect for the law, just punishment, deterrence, and protection of the public.  18 U.S.C. § 3553(a).  Further, the district court acted within its discretion in considering Stagner's criminal history as a factor supporting an upward variance.  *See Rosales-Bruno*, 789 F.3d at 1261.  The district court's discussion showed that it considered the § 3553(a) factors and found that they justified a 12-month upward variance. *See Irey*, 612 F.3d at 1194-95; *Gall*, 552 U.S. at 50.  In addition, because it acknowledged that it considered Stagner's arguments and the § 3553(a) factors, the district court was not required to specifically address his drug addiction.  *See Irey*, 612 F.3d at 1194-95.  Thus, it cannot be said that the district court committed a

11

clear error of judgment in weighing the § 3553(a) factors. *See Irey*, 612 F.3d at 1190.

**AFFIRMED.**