[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14125

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE ALEXIS GUTIERREZ,
a.k.a. Jose Gutierrez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60025-AHS-2

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Alexis Gutierrez was convicted of distributing a controlled substance, conspiring to distribute a controlled substance, and carrying a firearm in furtherance of a drug-trafficking crime. Gutierrez appeals these convictions, arguing that there was insufficient evidence to support them and that the district court erred by admitting certain evidence, issuing incorrect jury instructions, and denying a minor-role sentencing reduction. Because the district court did not err, we affirm.

## I.

Gutierrez was convicted of various drug offenses in violation of 21 U.S.C. § 841(a) and § 846 as well as 18 U.S.C. § 924(c)(1)(A)(i). Officers had set up a controlled buy involving Gutierrez and co-conspirator German Luna Tenorio. One undercover officer had agreed to meet with Tenorio to buy methamphetamine at a specified location; officers then monitored the sale via hidden recording devices.

Gutierrez drove Tenorio to the drug sale. When they arrived, the pair unstrapped two bins from the bed of their truck and carried them inside a building, with the undercover officer following. The officer then opened the bins and found forty clear bags containing a substance that looked like methamphetamine. Tenorio gave one of these bags to Gutierrez. A field test of that

bag later confirmed that the substance was methamphetamine.  In total, Gutierrez and Tenorio were carrying 17.6 kilograms of methamphetamine.

Tenorio vouched for the authenticity of the drug, calling it "pure fire," and Gutierrez affirmed, stating "that is how it came." The undercover officer agreed to the sale.  Gutierrez helped the officer unload the bags from one bin, snorting and licking the methamphetamine off his fingers.  Tenorio then requested $160,000 for the sale, at which point law enforcement arrested both men.  During a post-arrest search, officers found a fully loaded handgun in Gutierrez's waistband.

While Gutierrez first denied his involvement, he later admitted to participating in the drug deal.  He confessed that Tenorio had told him about the drugs and paid him $1,500 to drive that day.  He further stated that he knew he was "coming down for this," seemingly referencing the drug deal.  And he confirmed that the gun was his, but that he carried it for self-protection.

Gutierrez and Tenorio were tried for distributing a controlled substance in violation of 21 U.S.C. § 841(a) and conspiring to distribute a controlled substance in violation of 21 U.S.C. § 846.  Gutierrez was also separately tried for carrying a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Before trial, Gutierrez moved to exclude recordings and photographs of him ingesting methamphetamine during the drug sale.  The district court denied his motion, and the evidence was admitted at trial.  Gutierrez himself also testified at

trial that he consumed methamphetamine during the sale. After the government presented its case, Gutierrez moved for a judgment of acquittal, which the district court denied.

Before closing arguments, the district court accepted a voluntary-intoxication jury instruction requested by the government, informing the jury that "[e]vidence of a defendant's voluntary intoxication may not be taken into consideration to show that he lacked the intent to commit a crime." The jury ultimately convicted Gutierrez of all charges. After the verdict, Gutierrez renewed his motion for judgment of acquittal, which the district court again denied.

The presentencing investigation report recommended a sentence between 262- and 327-months incarceration. Gutierrez objected, arguing for a minor-role reduction. The district court rejected this request, but still sentenced him below the recommended range to 222-months incarceration.

Gutierrez now appeals his conviction and sentence on four grounds. *First*, the evidence supporting his conviction was insufficient. *Second*, the district court erred by admitting recordings of his drug use. *Third*, the district court erred by instructing the jury as to voluntary intoxication. And *fourth*, the district court improperly failed to apply a minor-role reduction to Gutierrez's sentence calculation.

## II.

We begin by addressing Gutierrez's argument that there was insufficient evidence supporting his conviction. We review de

novo a challenge to the sufficiency of the evidence, "drawing all reasonable inferences in the government's favor." *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005) (quotation omitted). Evidence is sufficient so long as "a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Maurya*, 25 F.4th 829, 841 (11th Cir. 2022) (quotation omitted). "The test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Mieres-Borges*, 919 F.2d 652, 656–57 (11th Cir. 1990) (quotation omitted).

Gutierrez was charged with violations of 21 U.S.C. § 841(a), 21 U.S.C. § 846, and 18 U.S.C. § 924(c)(1)(A). To obtain a conviction under § 841(a), the government must prove knowledge, possession, and intent to distribute. *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989). For a conviction under § 846, the government must show that there was an agreement to violate § 841(a)(1). *United States v. Duldulao*, 87 F.4th 1239, 1252–53 (11th Cir. 2023). And with respect to § 924(c)(1)(A), the government is required to establish that the defendant possessed a firearm which "helped, furthered, promoted, or advanced the drug trafficking." *United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008) (quotation omitted).

The record contains sufficient evidence to support Gutierrez's convictions on all of these charges. Although he

contests knowing about the drug-trafficking plan, Gutierrez admitted that he was told about the drugs and that he then agreed to drive Tenorio to the location of the drug deal. Gutierrez was also recorded alongside Tenorio vouching for the quality of the drugs during the sale. This is enough evidence for a reasonable jury to infer that Gutierrez knowingly possessed drugs with the intent to distribute them, and that he agreed to help Tenorio sell the drugs.

As for his gun possession conviction, Gutierrez argues that he legally possessed the gun. That may be so, but it does not matter for purposes of § 924(c)(1)(A). So long as "the firearm was readily available in the same room" where "drugs were being packaged for sale," the "evidence presented was sufficient" to support a § 924(c)(1)(A) conviction. *Mercer*, 541 F.3d at 1077. Gutierrez himself admitted that he had a gun throughout the drug sale. The evidence was thus sufficient to support his conviction.

## III.

Gutierrez next argues that the district court erred by admitting evidence of his methamphetamine consumption and by instructing the jury as to the voluntary-intoxication defense. We review a district court's evidentiary decisions for abuse of discretion. *United States v. Clay*, 832 F.3d 1259, 1314 (11th Cir. 2016). A district court likewise has broad discretion in instructing the jury "within the confines of the law and the facts at hand." *United States v. Orr*, 825 F.2d 1537, 1542 (11th Cir. 1987). Both evidence admission and jury instructions are subject to harmless-

error analysis, meaning a conviction will not be reversed if the "error complained of did not contribute to the verdict." *Clay*, 832 F.3d at 1310–11 n.26 (quotation omitted); *United States v. Pon*, 963 F.3d 1207, 1221, 1227 (11th Cir. 2020) (quotation omitted).

### A.

Federal Rule of Evidence 404(b) generally prohibits evidence of a past crime or wrongdoing to show a person's propensity to commit such crimes or wrongdoings. *United States v. Sterling*, 738 F.3d 228, 237 (11th Cir. 2013). But evidence of prior crimes is permissible where it is "probative for some other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* (quotation omitted). We apply a three-part test for determining whether evidence of prior crimes is admissible under Rule 404(b), asking whether 1) the evidence is "relevant to an issue other than the defendant's character"; 2) there is sufficient evidence for the "jury to find that the defendant committed the extrinsic act"; and 3) the undue prejudice of the evidence substantially outweighs the probative value. *Id.* at 238.

The district court did not abuse its discretion in admitting evidence of Gutierrez consuming methamphetamine during the drug sale. Gutierrez claims that the recordings of his drug use were inadmissible under Rule 404(b) because they were used to show his propensity to commit drug crimes. But the evidence meets our three-part test for Rule 404(b). As to the first prong, the record reflects that the evidence was relevant for another purpose:

establishing Gutierrez's knowledge of the drugs. *See id.* at 237–38. As to the second prong, we already discussed above that there was sufficient evidence outside of the recordings to suggest Gutierrez was involved in the drug sale. And as to the third prong, the probative value here is not substantially outweighed by any prejudicial effect because Gutierrez himself made knowledge a contested issue by claiming he was an unknowing participant in the drug deal. *See United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007). The admission of evidence here thus did not violate Rule 404(b). And even if the evidence was improperly admitted, any error was harmless given that there was otherwise sufficient evidence supporting the conviction.

**B.**

We generally "will not reverse a conviction based on a jury instruction challenge unless we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Clay*, 832 F.3d at 1310 (quotation omitted). So long as jury instructions "accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal." *Id.* (quotation omitted). A court may instruct a jury as to a defense not raised by a defendant if it would aid in guiding the jury. *See Almendarez v. Atchison, Topeka & Santa Fe Ry. Co.*, 426 F.2d 1095, 1098 (5th Cir. 1970).[1]

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit "as that court existed on September 30, 1981, handed down by that court prior to the

Here, the district court instructed the jury on the voluntary-intoxication defense.  Gutierrez does not challenge the district court's phrasing of the instruction or the legal standards articulated in it.  Instead, he argues that the district court erred by giving the instruction at all because he never argued voluntary intoxication as part of his defense.

Even though Gutierrez never raised the defense himself, the district court's instruction as to the voluntary-intoxication defense was reasonable given that there was evidence of Gutierrez's drug use and prior addiction.  It thus would aid the jury to know that voluntary intoxication may not be taken into consideration to show that Gutierrez lacked intent to commit a crime.  And even if the instruction was improperly given, it is not clear (and Gutierrez fails to explain) why this would warrant a reversal of his conviction. The district court's phrasing of the instruction was not improper, and there is nothing to suggest that it misled or prejudiced the jury. *See Clay*, 832 F.3d at 1310.

## IV.

Lastly, we address whether the district court erred by denying Gutierrez's request for a minor-role reduction.  We review for clear error a district court's denial of a role reduction.  *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010).  Section 3B1.2(b) of the Guidelines allows for a decreased offense level if

---

close of business on that date" are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

"the defendant was a minor participant in any criminal activity."
U.S. Sentencing Guidelines § 3B1.2(b) (Nov. 2023). Two principles
guide whether a defendant is entitled to a role reduction: "(1) the
court must compare the defendant's role in the offense with the
relevant conduct attributed to him in calculating his base offense
level; and (2) the court may compare the defendant's conduct to
that of other participants involved in the offense." *Bernal-Benitez*,
594 F.3d at 1320 (quotation omitted). A "defendant is not
automatically entitled to a minor role adjustment merely because"
he was "somewhat less culpable than the other discernable
participants." *Id*. at 1320–21 (quotation omitted).

Here, Gutierrez claims that he is entitled to a minor-role
reduction because he was subservient to Tenorio and due to
receive less than one percent of the drug sale proceeds. But
Gutierrez is not entitled to a minor-role adjustment "simply by
pointing to some broader criminal scheme" in which he was a
minor participant. *See United States v. Rodriguez De Varon*, 175 F.3d
930, 941 (11th Cir. 1999). Instead, we must consider his actual role
in the offense. Gutierrez transported and assisted in the
distribution of 17.6 kilograms of methamphetamine, all while
being armed. That is sufficient to conclude that his role was not
minor. *See id*. at 942–44.

\*     \*     \*

We reject all of Gutierrez's arguments on appeal. The
record reflects that there was sufficient evidence to support his
convictions. The district court did not err by admitting evidence

22-14125                Opinion of the Court                11

of his drug use, instructing the jury as to voluntary intoxication, or denying him a minor-role reduction.  We therefore **AFFIRM**.