**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3255
_____

ZEMIRAH EL,
                              Appellant

v.

BERNARD MOORE, doing business as ADMINISTRATIVE CLERK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-04062)
District Judge:  Honorable Mia R. Perez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: September 26, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Zemirah El appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania granting a motion to dismiss filed by Senior Judge Bernard Moore of the Montgomery County Court of Common Pleas. We will affirm.

El filed a pro se civil rights complaint, raising claims related to a civil ejectment proceeding over which Judge Moore presided.[1] She named Judge Moore as the sole defendant, seemingly suing him in his official and individual capacities. El sought monetary damages and injunctive relief. Judge Moore filed a motion to dismiss the complaint for insufficient service of process and failure to state a claim. El filed a response in opposition to that motion. The District Court granted the motion and dismissed the complaint with prejudice. Citing Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), the District Court held that dismissal was proper because Judge Moore was not properly served within ninety days, see Fed. R. Civ. P. 4(m), and that, in any event, El's claims failed because Judge Moore was entitled to immunity. The District Court also denied El's requests for a default judgment and her motion for an expedited ruling. El timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise de novo review over the District Court's grant of a motion to dismiss. See Newark Cab Ass'n v. City of

---

[1] As the District Court noted, the complaint is "somewhat difficult to understand, as . . . El uses language common to suits filed by those who identify as sovereign citizens and Moorish Americans." Cf. United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that so-called "sovereign citizens" are individuals who believe they are not subject to courts' jurisdiction and that courts have summarily rejected their legal theories as frivolous).

Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true," to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly determined that Judge Moore is entitled to immunity. To the extent that El sued Judge Moore in his individual capacity for money damages, the claims are barred by absolute immunity.[2] See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (holding that a judge is immune from liability for all actions taken in her judicial capacity, unless such action is taken in the absence of all jurisdiction); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). El appeared to challenge Judge Moore's actions in presiding over the state court ejectment proceedings. Such actions plainly were "function[s] normally performed by a judge." Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (quotation marks omitted). Although El alleged that Judge Moore lacked jurisdiction over her because she is a sovereign citizen, that claim is not plausible. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that a person claiming to be a "sovereign citizen" is "not beyond the jurisdiction of the

_____

[2] Although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 28 U.S.C. § 1983. Nothing in El's complaint suggests that this exception applies.

courts," and that "[t]hese theories should be rejected summarily, however they are presented"). To the extent that El sought to bring official-capacity claims against Judge Moore as an employee of a judicial district, such claims are essentially against the Montgomery County Court of Common Pleas, which is entitled to Eleventh Amendment immunity because it is an entity of the state of Pennsylvania. See Benn v. First Jud. Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005); see also Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 195 (3d Cir. 2008) ("Pennsylvania's judicial districts are arms of the state entitled to Eleventh Amendment immunity.").

El also challenges the District Court's denial of her requests for a default judgment, which we review for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). El has not shown any prejudice from the denial of her requests and, as explained above, Judge Moore had a litigable, and, in fact, meritorious defense. See id. (discussing factors to consider in reviewing refusal to enter default judgment). Thus, the District Court did not abuse its discretion in denying the requests for a default judgment. In addition, the District Court did not abuse its discretion in denying her motion to expedite consideration of the case. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (explaining that, as a general rule, "matters of docket control" are within the discretion of the District Court).

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[3] El's Motion for Joinder of Parties is denied.