[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16043
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00411-WSD-RGV-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD DURHAM, JR.,

Defendant-Appellant.


_____

No. 12-16044
Non-Argument Calendar
_____

D.C. Docket No.  1:11-cr-00252-WSD-RGV-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD DURHAM, JR.,

                                                      Defendant-Appellant.

                        _____

                 Appeals from the United States District Court
                      for the Northern District of Georgia
                        _____

                           (February 11, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

       In this consolidated appeal, Clifford Durham, Jr., challenges his convictions

and 608-month total sentence stemming from his robbery of Weeyums Philly Style

Restaurant (Weeyums) in November 2010, his attempted robbery of a Wells Fargo

Bank in April 2011, and his actions in firing a gun during each of those crimes.  As

a result of his conduct at the Wells Fargo in April 2011, Durham pled guilty to one

count of attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d),

and 2; and one count of using and carrying a firearm during and in relation to a

crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.  Durham

then went to trial on his charges related to the Weeyums robbery, and a jury

convicted him of one count of conspiracy to commit robbery, in violation of 18

U.S.C. § 1951(a); one count of robbery, in violation of 18 U.S.C. §§ 1951(a) and 2;

and one count of using and carrying a firearm during and in relation to a crime of

2

violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.  On appeal, Durham

raises three issues, which we address in turn.  After review, we affirm.

## I. ISSUE ONE

Durham contends that evidence of his conviction for the attempted robbery

of the Wells Fargo Bank should have been excluded from his trial for the

Weeyums robbery.  The district court, however, did not abuse its discretion by

admitting the evidence.  *United States v. Jones*, 913 F.2d 1552, 1556 (11th Cir.

1990) ("A trial court is afforded broad discretion in deciding the admissibility of

extrinsic act evidence under Fed. R. Evid. 404(b).").  Evidence of Durham's

conviction for the attempted robbery of the Wells Fargo Bank was admitted

pursuant to Federal Rule of Evidence 404(b), which allows for the introduction of

evidence of "another crime, wrong, or act" for a purpose apart from establishing

the defendant's criminal propensity.  *United States v. Sanders*, 668 F.3d 1298,

1314 (11th Cir. 2012); *see also* Fed. R. Evid. 404(b).  We employ a three part test

in considering the admissibility of Rule 404(b) evidence.  *See Sanders*, 668 F.3d at

1314.  Specifically,

> Rule 404(b) evidence (1) must be relevant to an issue other than the
> defendant's character, (2) there must be sufficient proof to allow a
> jury to find that the defendant committed the extrinsic act, and (3) the
> evidence must possess probative value that is not substantially
> outweighed by its undue prejudice, and the evidence must meet the
> other requirements of [Federal Rule of Evidence] 403.

*Id.* (quotations omitted).

3

In this case, evidence of Durham's conviction for the attempted robbery of the Wells Fargo Bank was used to establish his intent to commit the Weeyums robbery, and both offenses required the same mental state. *See United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) ("Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses. Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." (citation omitted)).[1] Although Durham maintains the intent required for the two robberies was different because he engaged in different activities during each offense, "[a] prior crime need not be factually identical in order for it to be probative." *United States v. Sterling*, No. 12-12255, slip op. at *16 (11th Cir. Nov. 21, 2013). Both attempted armed bank robbery under § 2113(a) and robbery under § 1951(a) require that the defendant have intended to take another person's property through force or violence. *Compare* 28 U.S.C. § 2113(a), *and* 11th Cir. Pattern Jury Instructions, Crim. Instructions § 76.3, *with* 18 U.S.C. § 1951(a), (b)(1), *and* 11th Cir. Pattern Jury

---

[1] It is immaterial that the attempted bank robbery took place subsequent to the Weeyums robbery. We have held that "the standard for evaluating the admissibility of a subsequent bad act under Rule 404(b) is identical to that for determining whether a prior bad act should be admitted under this Rule." *United States v. Jernigan*, 341 F.3d 1273, 1283 (11th Cir. 2003).

4

Instructions, Crim. Instructions § 70.3.  As both crimes require the same mental state, the first prong of the Rule 404(b) test is satisfied.

Regarding the third prong of the test,[2] the probative value of Durham's prior conviction was not substantially outweighed by any danger of unfair prejudice. *See Sanders*, 668 F.3d at 1314.  By pleading not-guilty to the Weeyums robbery, Durham placed his intent at issue.  *Edouard*, 485 F.3d at 1345.  Furthermore, the crimes were temporally proximate, as they occurred within approximately five months of each other, *see id.* at 1345-46, and any unfair prejudice was mitigated by the district court's repeated instructions to the jury that evidence of Durham's prior conviction could be used only for the limited purpose of establishing his intent to commit the Weeyums robbery, *see id.* at 1346; *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993) ("[A]ny unfair prejudice possibly caused by [the introduction of Rule 404(b) evidence] was mitigated by the trial judge's limiting instructions.").

---

[2] Durham does not raise any argument in his initial brief regarding the second prong of the Rule 404(b) test, and the issue is therefore abandoned.  *See United States v. McKinley*, 732 F.3d 1291, 1298 n.4 (11th Cir. 2013).  Regardless, the Government introduced certified copies of Durham's convictions in the Wells Fargo Bank robbery case.  *See United States v. Lamons*, 532 F.3d 1251, 1266 (11th Cir. 2008) ("It is elementary that a conviction is sufficient proof that the defendant committed the prior act." (quotation and alterations omitted)).

5

## II. ISSUE TWO

Durham next argues the district court erred by denying his Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal and that insufficient evidence supported his conviction because the Government failed to prove he was the individual who robbed the Weeyums. *See United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). Viewing the evidence in the light most favorable to the Government and drawing all inferences and credibility determinations in the Government's favor, sufficient evidence established Durham committed the Weeyums robbery. Cell phone records introduced at trial established that Durham's and his co-defendant's cell phones were located near the restaurant around the time of the robbery, the victim identified Durham as the robber from a photo lineup, and a witness testified that Durham admitted he robbed the Weeyums. On this record, a reasonable jury could have found Durham guilty beyond a reasonable doubt. *Id.*

## III. ISSUE THREE

Finally, Durham asserts his 608-month total sentence was substantively unreasonable because the 420-month mandatory minimum consecutive sentences he received for his two § 924(c) firearms offenses, in conjunction with the 188-month guidelines sentences, were unduly harsh.

6

Specifically, Durham received concurrent sentences of 188 months imprisonment for his convictions for attempted armed robbery of the Wells Fargo, conspiracy to commit the Weeyums robbery, and substantive robbery of the Weeyums.  He also received a consecutive mandatory minimum 120-month sentence for his firearm offense arising from the attempted robbery of the Wells Fargo and another consecutive mandatory minimum sentence of 300 months imprisonment for his firearm offense arising from the Weeyums robbery, yielding a total 608-month sentence.

The district court did not abuse its discretion in imposing Durham's 608-month sentence.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The court correctly calculated Durham's guidelines range and imposed a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing.  *Id.* at 49-50; *see* 18 U.S.C. § 3553(a).  As the district court found, Durham's total sentence was warranted in order to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public.  18 U.S.C. § 3553(a)(2).  The district court, moreover, did not commit a clear error of judgment in weighing the § 3553(a) factors, and Durham's sentence lies well within the range of reasonable sentences dictated by the facts of his case.  *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Although Durham contends the mandatory minimum sentences he received were unduly harsh and negated the district court's consideration of the § 3553(a) factors, the district court is "bound by statutes designating mandatory minimum sentences." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008) ("[The Supreme Court's] instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum."). The district court was not free to vary below the statutory mandatory minimums, and it did not err by imposing a sentence at the low end of Durham's advisory guidelines range.

**AFFIRMED.**