[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15789
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60173-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL SAMSON GASKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 6, 2017)

Before ED CARNES, Chief Judge, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Gabriel Gaskins was charged with and convicted of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), (b)(2). He appeals that conviction, contending that the district court abused its discretion at trial by allowing the government to use extrinsic evidence of his prior acts.

I.

The victim Gaskins was convicted of trafficking was A.K.L., a 17-year-old minor. A.K.L. advertised on Backpage.com, a website used for advertising escort and prostitution services, and on that page she listed that she was 21 years old. A man named Steven gave A.K.L. Gaskins' phone number and told her that Gaskins would drive her to "outcalls," which were dates where she needed someone to drive her to meet clients at the place of their choosing. A search of Gaskins' phone records showed that Steven also sent Gaskins A.K.L.'s phone number, and that Steven called Gaskins and then messaged him "17," to which Gaskins responded "That ain't bad . . . ."

A.K.L. testified that when she first met Gaskins, she showed him her Backpage advertisement but told him that she was actually 17 years old, and at one point she asked him if he knew someone who could make her a fake identification card so that she could stop engaging in prostitution and get a job as a club dancer. She also testified that she would receive around 20 requests for outcalls per day, and that Gaskins would drive her to meet those clients. While on their way to one

outcall, Gaskins was pulled over by law enforcement, A.K.L. was removed from the car, and while she was answering the officer's questions, Gaskins honked the horn and yelled at her to stop talking to the police.

At trial the government also introduced evidence of Gaskins' interactions with two other minors, A.S. and A.C., who also had Backpage profiles and whom Gaskins drove to outcalls six months before he met A.K.L. Testimony showed that before Gaskins met A.K.L., officers conducting an undercover operation caught him with A.S. and A.C., at which point he was questioned. During that questioning Gaskins told the officer that he believed A.S. and A.C. were 21 (the age listed in their Backpage profiles) despite the officer's statement that they "look[ed] like little babies." At trial A.S. testified that after the night Gaskins was questioned, A.C. told him that A.S. was a minor, and that Gaskins nevertheless continued to drive A.S. to outcalls.

## II.

Gaskins contends that the evidence as to A.S. and A.C. was inadmissible under Federal Rule of Evidence 404(b) because it was irrelevant and unduly prejudicial. We review the district court's evidentiary rulings for an abuse of discretion. See United States v. Cunningham, 194 F.3d 1186, 1193 (11th Cir. 1999). "By definition . . . under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have

3

gone the other way had it been our call." In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994). This standard "allow[s] a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989).

While evidence of a crime, wrong, or other act is not admissible to show that "on a particular occasion the person acted in accordance with [his] character," that evidence is admissible for other purposes, including to prove motive, intent, knowledge, or absence of mistake. Fed. R. Evid. 404(b). To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the defendant's character; (2) established by sufficient proof that the jury could find that the defendant committed the extrinsic act; and (3) of probative value that is not substantially outweighed by undue prejudice under Federal Rule of Evidence 403. United States v. Matthews, 431 F.3d 1296, 1310–11 (11th Cir. 2005). Gaskins disputes only the first and third prongs of this admissibility test.

For the first prong — relevance to an issue other than character or propensity — "where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007). Here the state of mind at issue was Gaskins' knowledge that A.K.L. was a minor. The evidence of the uncharged extrinsic conduct — that Gaskins had transported two minors whose

4

Backpage profiles falsely listed their ages and that he later found out that they were minors — was relevant to show that Gaskins was on notice not to rely on the age listed on the website. In other words, the evidence was relevant to show that Gaskins knew or should have known that even though A.K.L.'s Backpage profile stated that she was 21, she may have been younger than that and she could have been a minor.

As to the third prong — requiring that probative value not be substantially outweighed by unfair prejudice — we assess the evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." United States v. Brown, 441 F.3d 1330, 1362 (11th Cir. 2006). This determination "lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003) (quotation marks omitted). And because evidence of crimes, wrongs, or other acts "is inherently prejudicial to the defendant," this third prong requires that the incremental probative value of the evidence be balanced against the potential for undue prejudice. United States v. Sterling, 738 F.3d 228, 238 (11th Cir. 2013) (quotation marks omitted).

The district court did not abuse its discretion in finding that the third prong was met. The evidence was highly probative because the charged offense and Gaskins' interactions with A.S. and A.C. were close both in nature and in time. See Jernigan, 341 F.3d at 1282. Although the government presented some evidence that Gaskins knew A.K.L.'s age, that evidence was not so strong that the evidence as to A.S. and A.C. was cumulative and lacked probative value.

Gaskins contends that the prejudicial effect of the evidence as to A.S. and A.C. was undue because that evidence was "vivid" and "highly-inflammatory." But "[t]hat the nature of the crime itself, and therefore the nature of the evidence tending to prove it, is emotionally charged does not mean that the prosecution must be deprived of its most probative evidence." United States v. Smith, 459 F.3d 1276, 1296 (11th Cir. 2006). Here the nature of the extrinsic evidence was no more inflammatory or emotionally charged than the crime for which Gaskins was tried.

And while Gaskins repeatedly points to the fact that the government presented more evidence about the extrinsic conduct than it did about the conduct for which he was charged, that does not mean that the probative value was substantially outweighed by an unduly prejudicial effect. See United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995) (rejecting the defendant's argument that the probative value of Rule 404(b) evidence, which "formed the bulk of

6

evidence against him," was substantially outweighed by the risk of undue prejudice). Not only that, but the district court provided two limiting instructions at trial — one immediately after A.S. testified and one during the jury charge — and as a result the risk of prejudice was minimized. See United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005) ("[T]he risk of undue prejudice to [the defendant] was reduced by the court's limiting instruction."); see also United States v. Lopez, 649 F.3d 1222, 1237 (11th Cir. 2011) ("We presume that juries follow the instructions given to them."). The district court did not abuse its discretion by allowing the government to use the evidence about A.S. and A.C.

**AFFIRMED.**