[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11666

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DIANGILO ANTUAN BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:19-cr-00017-TCB-RGV-2

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Diangilo Bell appeals his conviction and sentence for possession with intent to distribute methamphetamine. After review, we affirm.

## I. DISCUSSION

Bell asserts the district court abused its discretion in admitting evidence of his 2014 drug arrest and convictions under Federal Rule of Evidence 404(b) because the risk of prejudice from such evidence substantially outweighed its probative value. He also contends the district court erred in denying his motion for a judgment of acquittal because there was not sufficient evidence for a reasonable jury to find he constructively possessed methamphetamine, as opposed to merely being present near the drugs. Finally, he asserts the district court clearly erred in attributing 2,980 grams of actual methamphetamine to him, resulting in a base offense level of 36, based on evidence presented at trial when the jury did not make findings as to the drug purity and quantity.

*A. Rule 404(b)*

Evidence of a crime, wrong, or other act is not admissible as proof of the defendant's character to show he acted in accordance with his character on a particular occasion. Fed. R. Evid. 404(b)(1). However, such evidence may be admissible to prove, among other things, intent, knowledge, and absence of

mistake. Fed. R. Evid. 404(b)(2). To be admissible under Rule 404(b), the evidence must be "(1) relevant to one of the enumerated issues other than the defendant's character, (2) supported by sufficient evidence to allow a jury to determine that the defendant committed the act, and (3) not unduly prejudicial under the standard set forth in Rule 403." *United States v. Barron-Soto*, 820 F.3d 409, 417 (11th Cir. 2016). Specifically, "[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance." *Id.* (quotation marks omitted).

The district court may exclude relevant evidence if its probative value is substantially outweighed by, among other things, a danger of unfair prejudice. Fed. R. Evid. 403. The strength of the government's case is a key consideration when evaluating the probative value of evidence of other acts because such evidence is only relevant if it tends to prove a material fact still at issue and is unnecessary if the other evidence is strong enough that the material fact is no longer at issue. *United States v. Costa*, 947 F.2d 919, 926 (11th Cir. 1991). Therefore, Rule 404(b) evidence must "actually be necessary to establish the material element" to be admissible. *Id.* Exclusion under Rule 403 is "an extraordinary remedy to be used sparingly." *Barron-Soto*, 820 F.3d at 417. In determining whether Rule 404(b) evidence was unduly prejudicial, we consider whether the defendant's intent was at issue, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses. *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007).

The district court did not abuse its discretion in admitting evidence of Bell's 2014 convictions under Rule 404(b). *See United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009) (reviewing a district court's decision to admit evidence under Rule 404(b) for an abuse of discretion). The district court admitted the evidence not to show Bell acted in accordance with a propensity toward criminality, but for the specific, admissible reasons of showing Bell acted knowingly, with intent, and not out of mistake. *See* Fed. R. Evid. 404(b)(1), (2); *Barron-Soto*, 820 F.3d at 417. And the probative value of the prior convictions was not substantially outweighed by a danger of unfair prejudice because Bell's intent was at issue, his prior convictions were similar in nature to the charged offense, and the court issued limiting instructions to mitigate any prejudicial effect. *See* Fed. R. Evid. 403; *Barron-Soto*, 820 F.3d at 417; *Edouard*, 485 F.3d at 1346 (stating a district court can mitigate any unfair prejudice possibly caused by the admission of Rule 404(b) evidence by issuing a limiting instruction on the use of that evidence).

First, Bell's prior convictions were probative of his knowledge, intent, and lack of mistake in possessing the drugs with intent to distribute. *See* Fed. R. Evid. 404(b)(2). Bell argues his prior convictions were not probative of whether he committed the charged offense because those convictions involved cocaine and marijuana as opposed to methamphetamine. However, Bell's prior convictions need not be identical to be probative. *See United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013) ("A prior crime need not be factually identical in order for it to be probative."). Furthermore, the prior convictions were similar in a salient way—

they involved identical intent to the charged offense, intent to possess and distribute a controlled substance. *See Edouard*, 485 F.3d at 1345. By pleading not guilty, Bell put his intent at issue, and evidence of prior drug trafficking was highly probative of his intent toward drug distribution. Bell also put his lack of mistake at issue by arguing he was merely present near the backpack, with no evidence he knew about the methamphetamine. Evidence of his prior drug-trafficking convictions tended to show he would appreciate the implications of transporting a sealed backpack full of three kilograms of unknown cargo or, if he opened the backpack, recognize the methamphetamine and the kilogram packaging typical of drug trafficking. *See* Fed. R. Evid. 404(b)(2); *Barron-Soto*, 820 F.3d at 417.

Moreover, although Bell argued his prior convictions were too remote to have any probative value as to the instant offense, the district court correctly noted we have not adopted a bright-line rule as to when a conviction is too remote to be admissible but instead weigh the remoteness of the prior offenses and the similarity between the prior offenses and the instant offense in its discretion to determine admissibility. *See United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (declining to adopt a bright-line rule regarding temporal proximity between the extrinsic act and the charged offense and affording district courts broad discretion to determine whether an offense is too remote to be probative). Bell's instant drug offense was only five years after the prior convictions and the offense was the same, possession with intent to distribute a controlled substance, even if the controlled substance differed. *See United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995)

(holding an intervening period of 15 years did not render extrinsic evidence of small-scale marijuana convictions inadmissible despite the convictions' "differing nature and remoteness in time" from the defendant's charged participation in a large-scale cocaine deal); *see also Sterling*, 738 F.3d at 239 (affirming admission of a 15-year-old prior crime). Additionally, Bell was incarcerated during most of the intervening five years and committed the instant offense less than a year after being released into supervision, so there was no significant period in which he was released from prison and not engaged in criminality. *See Sterling*, 738 F.3d at 238 ("[T]he prior crime need not be very recent, especially where a substantial portion of the gap in time occurred while the defendant was incarcerated.").

Second, the danger of undue prejudice to Bell did not substantially outweigh the probative value of evidence of his prior convictions. *See* Fed. R. Evid. 403. The district court limited the risk of prejudice to Bell by issuing limiting instructions to the jury prior to deliberation. *See Edouard*, 485 F.3d at 1346. The court stated that evidence of Bell's prior convictions could only be considered for the limited purposes of determining whether Bell had the knowledge and intent to possess the methamphetamine with intent to distribute it and did not have the methamphetamine in his car by mistake, and not for the purpose of deciding whether he was once again dealing drugs. Accordingly, we affirm as to this issue.

B. *Sufficiency of the Evidence*

The court may enter a judgment of acquittal at the close of the government's evidence or at the close of all evidence, either upon the defendant's motion or *sua sponte*, if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). The test for sufficiency of evidence is the same regardless of whether the evidence is direct or circumstantial, with no distinction in the weight given to each. *United States v. Guevara*, 894 F.3d 1301, 1307 (11th Cir. 2018). But where "the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008).

To convict a defendant under 21 U.S.C. § 841(a)(1), the government must establish three elements: (1) possession of a controlled substance, (2) knowledge of that possession, and (3) intent to distribute the controlled substance. *United States v. Woodard*, 531 F.3d 1352, 1360 (11th Cir. 2008). Each of these elements may be proven by direct or circumstantial evidence. *United States v. Capers*, 708 F.3d 1286, 1301 (11th Cir. 2013). Intent to distribute may be inferred from a large quantity of drugs seized. *United States v. Tinoco*, 304 F.3d 1088, 1123 (11th Cir. 2002). "Possession may be actual or constructive." *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004).

A defendant constructively possesses a substance if he has ownership or dominion and control over the substance or the premises where it is concealed. *Woodard*, 531 F.3d at 1360. However, mere presence where a controlled substance is discovered or

proximity to a controlled substance are not enough to establish actual or constructive possession. *Holmes v. Kucynda*, 321 F.3d 1069, 1080 (11th Cir. 2003). There must exist "some nexus" between the defendant and the controlled substance to sustain a finding of possession. *Id.* Thus, mere presence in a car containing contraband cannot sustain a conviction. *United States v. Stanley*, 24 F.3d 1314, 1320 (11th Cir. 1994). To constructively possess a controlled substance, a defendant must know of both its existence and his power or right to exercise dominion and control over it. *United States v. Ochoa*, 941 F.3d 1074, 1104 (11th Cir. 2019).

The district court did not err in denying Bell's Rule 29 motion because, viewed in the light most favorable to the Government, the evidence was sufficient for a reasonable jury to find beyond a reasonable doubt that Bell knowingly possessed the methamphetamine with intent to distribute. *See United States v. Clay*, 832 F.3d 1259, 1294 (11th Cir. 2016) (explaining "[w]e will not overturn a jury's verdict if there is any reasonable construction of the evidence that would have allowed the jury to find the defendant guilty beyond a reasonable doubt" (quotation marks omitted)); *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016) (stating we will uphold the district court's denial of a Rule 29 motion for a judgment of acquittal "if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt" (quotation marks omitted)); *United States v. Chafin*, 808 F.3d 1263, 1268 (11th Cir. 2015) (reviewing a challenge to the sufficiency of the evidence and the denial of a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 *de*

*novo*).  While Bell's mere presence near the methamphetamine was insufficient to show possession with intent to distribute the drugs, a reasonable jury could have found, from the totality of the evidence presented, that he knowingly possessed the methamphetamine in the backpack and intended to traffic it.  *See* 21 U.S.C. § 841(a)(1); *Woodard*, 531 F.3d at 1360.

First, the Government presented sufficient evidence to find Bell knew of the methamphetamine.  *See Woodard*, 531 F.3d at 1360.  Bell's knowledge may be inferred from surrounding circumstances.  *See Stanley*, 24 F.3d at 1320-21 (explaining knowledge may be inferred from evidence of surrounding circumstances).  A reasonable jury could find it was unlikely a drug trafficker would entrust over $20,000 worth of methamphetamine to Bell alone if Bell did not at least know about the drugs.  *See United States v. Quilca-Carpio*, 118 F.3d 719, 722 (11th Cir. 1997) ("A reasonable jury could infer from the quantity of drugs seized that a 'prudent smuggler' is not likely to entrust such valuable cargo to an innocent person without that person's knowledge.").  A reasonable jury could also determine Bell's behavior as described by Hastings—including his abrupt lane changes, movements as if to flee on foot, and efforts to divert Hastings' attention to the marijuana—showed consciousness of guilt.  Thus, the evidence was sufficient for a reasonable jury to infer Bell had knowledge of the methamphetamine.

Second, the Government presented sufficient evidence to find Bell constructively possessed the methamphetamine.  *See Woodard*, 531 F.3d at 1360.  Bell owned the vehicle where the

methamphetamine was discovered and was the driver and sole occupant. Bell's ownership and control over the vehicle was a "nexus" to the methamphetamine discovered there. *See Holmes*, 321 F.3d at 1080; *Woodard*, 531 F.3d at 1360. Additionally, the backpack was uncovered on the floorboard of the passenger's seat, accessible to Bell in the driver's seat. *See Ochoa*, 941 F.3d at 1104. Bell was not merely present, but controlled the vehicle, which was the premises where the methamphetamine was discovered, and had access to the backpack. Thus, the evidence was sufficient for a reasonable jury to find Bell had constructive possession of the methamphetamine.

Third, the Government presented sufficient evidence to find Bell intended to distribute the methamphetamine. *See Woodard*, 531 F.3d at 1360. As discussed above, Bell's prior drug trafficking convictions were probative of his intent to distribute controlled substances. *See Barron-Soto*, 820 F.3d at 417. A reasonable jury could also infer intent to distribute the methamphetamine because the quantity discovered, about three kilograms, exceeded the amounts typical of personal use. *See Tinoco*, 304 F.3d at 1123. Additionally, the methamphetamine recovered from the backpack was packaged into three plastic bags containing almost exactly one kilogram, a typical unit for drug trafficking. Finally, a reasonable jury could find the presence of the marijuana and the scale suggested that Bell was generally involved in drug trafficking. Thus, the evidence was sufficient for a reasonable jury to infer that Bell intended to distribute the methamphetamine.

The Government produced sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that Bell possessed the methamphetamine with intent to distribute. Accordingly, we affirm the district court's denial of Bell's Rule 29 motion.

## C. Drug Quantity

The government must establish the drug quantity attributable to the defendant at sentencing by a preponderance of the evidence. *United States v. Reeves*, 742 F.3d 487, 506 (11th Cir. 2014). The court's estimate of drug quantity for sentencing purposes must be fair, accurate, and conservative and cannot be based on mere speculation. *Id.* It may base its drug quantity determination on, among other things, trial testimony and documentary evidence admitted at trial. *See id.* at 506-07 (testimony); *United States v. Ifediba*, 46 F.4th 1225, 1246-47 (11th Cir. 2022) (documentary evidence), *cert. denied*, 143 S. Ct. 2586 (2023). The sentencing court may consider any information with sufficient indicia of reliability. *See* U.S.S.G. § 6A1.3(a).

Under § 2D1.1(a)(5), a defendant's base offense level for drug possession with intent to distribute is determined by the drug quantity at issue in the defendant's conduct. *Id.* § 2D1.1(a)(5). The Drug Quantity Table in § 2D1.1(c) provides the base offense level is 36 if the offense involved at least 15 kilograms but less than 45 kilograms of methamphetamine, or at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine. *Id.* § 2D1.1(c)(2). The base offense level is 30 if the offense involved at least 500 grams but less

than 1.5 kilograms of methamphetamine, or at least 50 grams but less than 150 grams of actual methamphetamine. *Id.* § 2D1.1(c)(5).

The district court did not err in finding the methamphetamine recovered from Bell's vehicle was 99 percent pure, yielding almost 2,980 grams of actual methamphetamine, and imposing a base offense level of 36 accordingly. *See Reeves*, 742 F.3d at 506 (reviewing for clear error the district court's determination of drug quantity at sentencing); *United States v. Nealy*, 232 F.3d 824, 829 (11th Cir. 2000), *abrogated in part on other grounds by United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015) (reviewing a preserved constitutional challenge to a sentence *de novo*). First, although Bell argues that, as an extension of *Apprendi*[1] and *Alleyne*,[2] the drug quantity attributable to him should have been determined by a jury because it affected his Guidelines range and sentence, that is not the holding of those cases. In *United States v. Booker*, the Supreme Court clarified that enhancing a defendant's advisory Guidelines range based on judicial findings of fact made by a preponderance of the evidence—as the district court did in enhancing Bell's Guidelines range based on its determination of drug quantity—does not violate the Sixth Amendment. 543 U.S. 220, 233, 243-44 (2005). *Apprendi* and *Alleyne* mandate a jury finding only as to factual determinations that alter the statutory minimum and maximum penalties for an offense, not facts that merely impact the advisory sentencing range. *See Apprendi*, 530 U.S. at 490; *Alleyne*, 570

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2] *Alleyne v. United States*, 570 U.S. 99 (2013).

U.S. at 115-16. The district court had the authority to enhance Bell's sentence based on its drug quantity determination, without a jury finding, because that determination did not increase his sentence beyond the statutory maximum penalty authorized by the conviction. *See United States v. Dean*, 487 F.3d 840, 854 (11th Cir. 2007) (explaining a district court may enhance a sentence based on its judicial fact findings, so long as it recognizes the Guidelines are advisory and its findings do not increase the sentence beyond the statutory maximum authorized by the offense).

Second, the district court did not clearly err in determining the drug quantity attributable to Bell by a preponderance of the evidence. *See Reeves*, 742 F.3d at 506. It based its findings as to the purity of the methamphetamine, and therefore the quantity of actual methamphetamine, on the specific and reliable report and testimony of expert witness Jonathan Liu and not on mere speculation. *See* U.S.S.G. § 6A1.3(a); *Reeves*, 742 F.3d at 506. Thus, although Bell contends the appropriate base offense level in calculating his Guidelines range was 30 because the jury found only that he possessed at least 500 grams of methamphetamine mixture, the reliable evidence of Liu's report and testimony supports a base offense level of 36 because the 3 kilograms of methamphetamine mixture yielded close to 2,980 grams of actual methamphetamine. *See* U.S.S.G. § 2D1.1(a)(5), (c)(2), (c)(5); *Reeves*, 742 F.3d at 506-07; *Ifediba*, 46 F.4th at 1246-47. Accordingly, we affirm as to this issue.

## II.  CONCLUSION

The district court did not abuse its discretion in admitting evidence of Bell's prior drug-trafficking convictions because such evidence was probative of his knowledge, intent, and lack of mistake in the instant drug offense and the prejudicial effect was mitigated by the court's limiting instruction to the jury.  The district court also did not err in denying Bell's motion for a judgment of acquittal because the Government presented sufficient evidence for a reasonable jury to infer that Bell knew of and intended to traffic the methamphetamine in the backpack discovered in his vehicle.  Finally, the district court did not err in determining the drug quantity attributable to Bell at sentencing because even though its finding affected Bell's advisory Guidelines range, it did not alter the statutory minimum and maximum penalties for his offense.  Accordingly, we affirm Bell's conviction and sentence.

**AFFIRMED.**