**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1368
_____

ROBERT EWANS,
                                          Appellant

v.

STATE OF NEW JERSEY; JONATHAN W. ROMANKOW;
SOMERSET COUNTY PROSECUTORS OFFICE; DARRIN J. RUSSO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-07901)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 4, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 12, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Ewans appeals pro se from the District Court's dismissal of his civil complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm the District Court's judgment.

Ewans's District Court filings are replete with sovereign-citizen-like legal jargon,[1] and there are very few asserted facts. Ewans's operative amended complaint asserted that various defendants (referred to throughout his filings as "trespassers") have caused his "false arrest [kidnapping]" and "false imprisonment [hostage taking]" and infringed on his freedom of speech by charging him with the crime of terroristic threats. ECF No. 30 at 2-3. Perhaps most specific is his allegation that the defendants "have fraudulently claimed complete control over [his] estate . . . by declaring [him] dead and lost at sea and by ruling [him] incompetent." Id. at 7.

The District Court sua sponte screened one of Ewans's earlier complaints and dismissed it without prejudice and with leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. After conducting a second screening, the District Court dismissed Ewans's operative amended complaint with prejudice as "frivolous" under § 1915(e)(2)(B)(i). Ewans timely appealed.

---

[1] Not all sovereign citizens share the same beliefs, but generally, sovereign citizens believe that they are not subject to federal, state, or local law or courts' jurisdiction. See United States v. Taylor, 21 F.4th 94, 101 n.6 (3d Cir. 2021) (collecting cases). Ewans, for instance, generally asserts that "the Somerset Superior Court is not [his] government," that he has "no contractual agreement" with that court, and that the court is "a private corporation [that has] proceeded in equity law[,] not common law." ECF No. 40 at 1.

We have appellate jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's sua sponte dismissal of a complaint under § 1915(e)(2). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We may summarily affirm the District Court's order if an appeal presents no substantial question for our review. See 3d Cir. L.A.R. 27.4; IOP 10.6.

A claim is frivolous if it "rel[ies] on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). Ewans's operative complaint listed some claims that commonly arise in § 1983 litigation—namely, false arrest, false imprisonment, and infringement on his freedom of speech—but it asserted no specific plausible allegations that the District Court could have considered to determine whether any state actor violated Ewans's constitutional rights. Instead, Ewans relied on a legal theory that would require federal courts to assume that his rights were violated simply because (1) he has declared himself to be a "natural person," and (2) he was arrested and prosecuted by state officials acting on behalf of a state government, rather than the Governor of New Jersey himself. Because Ewans's complaint was wholly premised on an indisputably meritless legal theory, the District Court appropriately dismissed Ewans's complaint as frivolous pursuant to § 1915(e)(2)(B)(i). Cf. United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (observing that courts have summarily rejected sovereign citizens' legal arguments as frivolous); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases

3

in which Seventh Circuit has dismissed sovereign citizens' arguments as frivolous and concluding that such "theories should be rejected summarily, however they are presented").

Consequently, we will summarily affirm the District Court's dismissal of Ewans's complaint.